## STRATTON v. HALL.
### No. 3190.

Court of Civil Appeals of Texas. El Paso. Jan. 17, 1935.

Rehearing Denied Feb. 7, 1935.

Hubbard & Kerr, of Pecos, for appellant.

Rutledge Isaacks and L. A. Dale, both of Pecos, for appellee.

PER CURIAM.

This is an appeal from an order of the district court of Loving county entered in an election contest involving the office of county commissioner precinct No. 2 of said county. At the election held in such precinct on November 6, 1934, thirty-one ballots were cast. The returns of said election were canvassed by the commissioners' court on November 13, 1934, and certificate of election thereafter issued to appellant. On December 11, 1934, appellee filed a notice of intention to contest the election and a statement of the grounds upon which the contest was based. The grounds set forth for the contest were included in what is designated as "Appellee's Original Petition."

On December 18th appellant answered by general demurrer and general denial and special answer in which it was alleged that the true and proper result was declared by the commissioners' court, accepted by the proper constituted authorities, and that the certificate of election issued to appellant expressed the will of the majority of the legal voters in the precinct. Upon hearing, the only evidence offered related to the ballots and the absence of the presiding judge's signature thereon. Judgment was rendered, however, granting and sustaining the contest and declaring the election void and of no force and effect and canceling the certificate of election theretofore issued to contestee. The trial court further ordered the county judge of Loving county, after giving due notice, to order an election held for the election of a commissioner of said precinct No. 2. From that judgment this appeal is prosecuted.

### Opinion.

Appellant's brief contains six assignments of error, the first four of which attack the sufficiency of the pleading and the evidence to show jurisdiction in the trial court to hear the contest; the contention being that the pleading and evidence are insufficient to show that notice in writing was given the contestee of intention to contest and statement of the grounds upon which the contest was to be based, within thirty days after the election return date. As heretofore stated attached to the petition and statement of grounds of contest, there appeared a copy of a notice of intention to contest with the recital that the original of such notice and grounds of contest had been delivered to contestee by contestant on the 11th day of December, 1934. This, we think, constituted

sufficient pleading and the court properly overruled appellant's general demurrer to the petition. We fail to find, however, any evidence in the record showing that notice and statement of grounds in writing was served upon the contestee prior to December 13, 1934. This being true, the trial court was without jurisdiction to determine the matters at issue and should have declined to entertain jurisdiction. Treaccar v. City of Galveston et al. (Tex. Civ. App.) 28 S.W.(2d) 887, and authorities there cited.

If, in fact, notice was served within the thirty-day period, the matter should be susceptible of proof, and in order that appellee may have opportunity to introduce such proof the judgment will be reversed and the cause remanded. It is admitted by appellant that the statute requiring ballots to be signed by the presiding judge is mandatory, and we cannot agree that the notation appearing on the ballots was sufficient compliance with that statute.

We find no merit in the other contentions advanced by appellant, and they are accordingly overruled.

Reversed and remanded.