## BAKER et al. v. WEBSTER et al.

### No. 5556.

Court of Civil Appeals of Texas. Texarkana.

Dec. 8, 1938.

O. B. Pirkey, of New Boston, for appellants.

Rodgers & Rodgers, of Texarkana, for appellees.

WILLIAMS, Justice.

This appeal involves the contest of an election which was held to determine if the Rock Creek Common School District and the New Boston Independent School District would be consolidated under the provisions of Article 2806, R.C.S.1925. The returns as canvassed by the Commissioners' Court disclosed fifty-seven votes for and fifty-six votes against consolidation were cast in the Rock Creek School District. The written statement of the grounds for contest is lengthy and is based upon ten specific grounds being directed to that part of the election held in the Rock Creek Common School District. On hearing, the trial court found "That such number of legal voters were by the officers or managers of the election denied the right to vote at said election, as had they voted or been permitted to vote, would have materially changed the result as to render such election void," and directed the proper officials to order and hold another election. W. H. Webster and others not necessary to mention here are named as contestants. Otto H. Atchley, County Judge of Bowie County, the respective members of the Commissioners' Court of said county, W. N. Harkness, County Attorney, and the respective members of the Board of School Trustees of the New Boston Independent School District, including L. C. Baker, its President, were named as contestees in the notice of intent to contest and in the statement of grounds for contest. It is unnecessary to discuss the evidence as contestees, appellants herein, concede "the judgment would find support in the evidence and the judgment should not be reversed for that ground." In their answer filed April 14, 1938, contestees urged a plea in abatement, general demurrer and denial, and further answering, challenged certain votes cast against consolidation. We presume all pleas were overruled as the cause proceeded to trial.

Appellants' first three propositions deal with a plea in abatement or general demurrer, and are embraced in the following proposition: "The court had no jurisdiction of this election contest because it nowhere appeared in the pleading of the contestants that the notice of contest and grounds were duly served upon the County Judge or County Attorney or some other person named for service under Article 3070, R.C.S. of 1925, within thirty days from the date on which returns of election were canvassed."

The pleadings filed by contestants consisted of the notice of intent to contest and statement of grounds. Each alleged, "That upon service of this notice and grounds upon the contestee' herein of a copy, with return thereon, and of the statement of the grounds upon which this contest is made, this notice, contest and grounds therefor shall be filed in the District Court of Bowie County, Texas, as provided by law." The pleadings were endorsed, to-wit:

"I, Otto Atchley, County Judge of Bowie County, Texas, acknowledge receipt and waive service of a copy of the contestants' notice and statement of grounds, This April 5, 1938.

"(Signed) Otto Atchley."

Then follows an endorsement of like effect signed by W. N. Harkness, County Attorney of Bowie County, Texas, and dated April 7, 1938. Then follows another endorsement, being the verified returns made by one Telford, showing service on April 8, 1938, upon L. C. Baker as President. The above-mentioned notice of intent, grounds for contest, and the three endorsements compose one instrument, being filed on April 9, 1938, with the District Clerk. The Commissioners' Court on March 14, 1938, canvassed the returns and declared the results of the election.

It is to be observed from these pleadings as filed that the county judge and the county attorney each have acknowledged receipt within thirty days of date of canvass of a copy of the contestants' notice and statement of grounds of contest. In addition to the written acknowledgment of receipt of copy to each of them of the notice of intent to contest and of statement of grounds, this record discloses that one Taylor, an adult, delivered on April 12, 1938, to said Harkness, County Attorney, a copy of such notice of intent and statement of grounds for contest. The county attorney thus received notice and statement of grounds of contest both before and after the filing of the plead-

ings, both dates being within thirty days from date of returns. The foregoing facts under the provisions of Articles 3042, 3044, 3069, and 3070, R.C.S. of 1925, were sufficient to give the court jurisdiction to hear this contest. Garitty v. Halbert, Tex.Civ. App., 235 S.W. 231, page 236; Stratton v. Hall, Tex.Civ.App., 78 S.W.2d 300.

We deem it unnecessary to discuss the effect of the service had upon the county judge, except to note that the judgment in this cause recites that contestants "introduced R. W. Rodgers, ·attorney for contestants, and proved by' him service of notice on O. H. Atchley and its manner of service." To have made either the county attorney or the county judge contestee would have been sufficient to meet the requirements of Article 3070, supra. Hooker v. Foster, 117 Tex. 237, 1 S.W.2d 276.

During the progress of the trial contestants were given permission to file a trial amendment. This dealt with admissibility in evidence of the election returns. The failure of 'the transcript to include this trial amendment, or otherwise show its filing, could at best only be an irregularity, and, unless some injury could be shown resulting to contestees, this irregularity, if any, could not be other than immaterial.

The judgment of the trial court is affirmed.