DOHERTY et al. v. KING et al.

No. 5663.

Court of Civil Appeals of Texas. Amarillo.

Nov. 20, 1944.

Rehearing Denied Dec. 11, 1944.

J. R. Porter, of Clarendon, for appellants.

L. E. Gribble and W. M. Tucker, both of Wellington, for appellees.

PITTS, Chief Justice.

This is a contested school election case in which Winifred P. Doherty and W. H. Moss, trustees and resident tax-paying voters of McKnight Common School District No. 23 of Donley County, Texas, joined by G. M. Johnson and Chester Hill, resident tax-paying voters of the said district, filed suit against the contestees, R. Y. King, County Judge of Donley County, the Commissioners Court of Donley County and the County Board of School Trustees of Donley County. The contestants alleged that two school elections were held in the McKnight Common School District No. 23 on September 7, 1944, to determine in one election whether or not the said McKnight district should be consolidated with the Quail Rural Consolidated High School District No. 4 of Collingsworth County, Texas, and to determine in the other election whether or not the said McKnight district would assume, in case of consolidation, the outstanding bonded indebtedness of the said Quail Rural High School District No. 4 of Collingsworth County; that both elections were void and held without any legal authority to support the holding of such elections and they prayed that the said elections be declared null and void and of no force and effect.

The contestees failed to answer but the Quail Rural Consolidated High School District No. 4 of Collingsworth County, Texas, intervened and admitted that the elections were held in the McKnight Common School District No. 23 of Donley County as alleged by the contestants and pleaded further that on the same date like elections were held in the said Quail Rural Consolidated High School District No. 4 in Collingsworth County on the same questions of consolidation and the assumption by the Quail District of the McKnight District's bonded indebtedness; that both propositions carried by popular vote in each of the said districts; that the returns of the said elections were properly canvassed and the results declared and that the said elections were held in accordance with the laws of Texas governing such matters. Intervenor prayed that the contests be not sustained and that the contestants be denied all the relief prayed for.

The case was heard without a jury before the trial court on October 10, 1944 and judgment rendered denying the relief prayed for by contestants and declaring the elections valid and binding, from which judgment the contestants perfected an appeal to this court. A joint motion was filed by the parties in this court on November 1, 1944, asking that the case be advanced as provided for in article 3056, R. C. S.; the motion was granted and the case was submitted and oral argument heard on November 13, 1944.

■ Such election contests are usually brought in the name of the State or some State's attorney but it has been held in the case of Tate et al. v. Farmer, County Attorney, et al., Tex.Civ.App., 112 S.W.2d 782, that a majority of the trustees of a common school district are authorized to institute such a suit. In the instant case the record shows contestants Doherty and Moss were trustees of the McKnight Common School District No. 23 of Donley County and they constitute a majority of the trustees. It has likewise been held in the case of Baker et al. v. Webster et al., Tex.Civ.App., 123 S.W.2d 690, that in such contests the statutory requirements have been met when either the county attorney or the county judge is made a contestee and in the instant case R. Y. King, County Judge of Donley County, was made a contestee.

An agreed stipulation of facts filed in the case reveals that petitions with requisite numbers of qualified voters of the two contiguous school districts, the McKnight Common School District No. 23 of Donley County and the Quail Rural Consolidated High School District No. 4 of Collingsworth County, were presented on August 16, 1944 to the county judges, respectively, of Donley and Collingsworth Counties, praying for elections to be held in the respective districts to determine whether or not the said districts should be consolidated and whether or not, in case of consolidation, each would assume the bonded indebedness of the other; that elections were ordered held in the respective districts on September 7, 1944, and notices of the same duly posted; that both propositions carried in separate elections held in the Quail district by a vote of 46 to none, and in separate elections held in the McKnight district by a vote of 40 to 13; that the returns of the elections were duly made to the commissioners courts of the respective counties and on September 11, 1944, during the forenoon, the said commissioners courts respectively canvassed the returns, declared the results accordingly and ordered the said districts consolidated. It appears that the proceedings were had simultaneously in the two districts but that the proceedings were had, the elections were held, the returns were canvassed, and the results declared in each district and in each county independently of the other. It further appears that proper notices of the election contests were given and that this suit was subsequently filed in the afternoon of September 11, 1944 and after the results of the elections had been declared by the commissioners courts of the respective counties.

The contestants make no complaint about any of the proceedings had in the holding of the elections, canvassing the returns, and declaring the results other than there was no provision in the State law authorizing such elections to be held and no provision in the State law authorizing a consolidation of two such school districts in such a manner as these were sought to be consolidated. The intervenor contends that articles 2922aa and 2806 of Vernon's Civil Statutes authorize such a consolidation and that the provisions of these Acts were complied with in effecting this consolidation and the assumption of the indebtedness.

It clearly appears that articles 2922a and 2922c of Chapter 19a, R. C. S., have to do with procedure in the matter of annexing or grouping of school districts of various

types to form rural high school districts, while article 2922aa of Chapter 19a and article 2806, Revised Civil Statutes, 1925, Vernon's Ann.Civ.St. arts. 2806, 2922aa, are related solely to the matter of consolidation of school districts of various types.

In reviewing the history of the Rural High School Act we find that the Thirtyninth Legislature, c. 59, enacted Chapter 19a in 1925, authorizing the county board of school trustees to create rural high schools by grouping or annexing independent or common school districts with the consent of a majority of the trustees of the districts affected; that the said chapter provided that in some instances such could be done by the said county board only after elections have been held in the districts to determine the question and that the said Act likewise provided for the establishment of county-line rural high school districts by the county board of school trustees upon a written order of a majority of the members of each county board concerned. Chapter 19a was amended by Act of the Fortieth Legislature, First Called Session, in 1927, c. 78, which amendment strengthened the provisions of the original Act, provided for the assumption of outstanding indebtedness and for abolishing such districts after establishment if desired. The regular session of the Forty-fifth Legislature in 1937, c. 416, amended Chapter 19a again by adding thereto article 2922aa, which reads as follows:

"Provided any Rural High School District already formed under the provisions of this law may consolidate with any contiguous Common School District upon an election being held in the respective districts; said election to be held in conformity with Article 2806, Revised Civil Statutes of Texas, 1925. Upon such consolidation said newly formed district shall take the form of said Rural High School District and be governed by the Board of Trustees of said Rural High School District, and shall become a part of said Rural High School District for all intents and purposes as though it were originally a part of said district. Provided that in case of any outstanding bonded indebtedness in either of said districts an election shall be held in conformity with the General Law governing school districts to determine whether or not said Common School District or Rural High School District shall assume their pro rata part of such indebtedness. Provided, however, that said consolidation above referred to shall not become effective until after the election adjusting the bonded indebtedness and in case such election fails to be carried the consolidation shall be held for naught and such districts shall remain in their original status.

"Sec. 2. The fact that the law is not clearly defined at this time, with reference to the consolidation of Rural High School Districts with Common School Districts, and the further fact that the present law is uncertain, indefinite, and inadequate create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be, and the same is hereby suspended, and this Act shall take effect and be in full force and effect from and after its passage, and it is so enacted."

We find that article 2806, R. C. S. of 1925, Vernon's Ann.Civ.St. art. 2806, provides that petitions for elections for school consolidation of contiguous county-line school districts must be presented to the county judge of the county having jurisdiction of the district, who shall order the election, give notice of the same for at least twenty days prior to the date of the election, and that the commissioners court of such county shall canvass the returns, declare the results and declare the districts consolidated if the majority vote justifies such.

Appellants contend that the use of the word "any" as found in the first sentence of article 2922aa, does not mean to include the consolidation of contiguous county-line districts such as the McKnight Common School District No. 23 of Donley County, and the Quail Rural Consolidated High School District No. 4, of Collingsworth County, but applies only to such contiguous school districts as lie wholly within the same county. The first sentence found in article 2922aa says, "Provided *any* Rural High School District already formed under the provisions of this law may consolidate with *any* contiguous Common School District upon an election being held in the respective districts;" (Italics ours). The second sentence in the said article says, "said election to be held in conformity with Article 2806, Revised Civil Statutes of Texas, 1925." Only a semicolon separates the two sentences. The last sentence in paragraph 2 of article 2806, R. C. S. of Texas, 1925, Vernon's Ann.Civ.St. art. 2806, says: "* * * provided further, that when it is proposed to consolidate contiguous county-line districts, the petitions and election or-

ders prescribed in this Act shall be addressed to and issued by the County Judge of the County having jurisdiction over the principal school of each district and the results of the election shall be canvassed by the Commissioners' Court of the said county."

The second sentence in article 2922aa authorizing the holding of elections in conformity with article 2806, R. C. S. of 1925, Vernon's Ann.Civ.St. art. 2806, does not limit or restrict the procedure to any particular part of article 2806 but includes all of it and authorizes the use of, in conformity with, any part or all of article 2806 that may be need to effect the consolidation desired. Article 2922aa alone makes no specific mention of contiguous county-line school districts but it does authorize the consolidation of any two such districts and includes without limitation the provisions of article 2806, R. C. S. 1925, Vernon's Ann.Civ.St. art. 2806, which article does authorize the consolidation of contiguous county-line school districts, as well as any others, and clearly states the procedure for consolidating contiguous county-line school districts. Both of these articles must therefore be construed together.

When the Legislature enacted article 2922aa in 1937 it added an emergency clause emphasizing the need of a law certain, definite and adequate to consolidate rural high schools and we think the Legislature had in mind enacting a law that would authorize, by proper procedure, the consolidation of all rural high school districts contiguous with common school districts regardless of whether or not they were separated by a county line.

In the case of County School Trustees of Runnels County et al. v. State et al., 95 S.W.2d 1001, 1003, the Austin Court of Civil Appeals said: "The statutes relating to the creation of school districts are many and varied, and a liberal and practical interpretation must be given them; otherwise they would fail because of indefiniteness and conflicts."

In the case of Barber et al. v. County Board of School Trustees et al., 43 S.W.2d 319, 320, the San Antonio Court of Civil Appeals said: "We think that the whole structure of legislation concerning the operation of our public school system would be jeopardized, and that system seriously demoralized and hampered, if the courts should attempt to strictly construe all the vague, confusing, conflicting, and constantly changing statutes upon that subject. A substantial compliance with the objects of each act, when and if ascertainable, is all that may be hoped for, and this may be accomplished only by a liberal construction of those acts to that end."

We concur in such holdings by both the Austin and the San Antonio Courts.

We cannot agree with the contention of appellants that the use of the word "any" in article 2922aa is limited and applies only to contiguous school districts situated wholly within the same county. Article 7, sec. 3 of the State Constitution as adopted in 1927, Vernon's Ann.St., authorizes the Legislature to provide for the creation of county-line school districts and the Legislature has provided for various types of county-line school districts by grouping, annexing, and consolidating. We believe the use of the word "any" in article 2922aa includes all contiguous rural high school districts and common school districts regardless of whether or not they are separated by a county line.

Words and Phrases, Vol. 3, Perm.Ed., page 530, says: "In construing statutes, the word 'any' is equivalent to and has force of 'every' or 'all.' Roedler v. Vandalia Bus Lines, 281 Ill.App. 520."

3 C.J. 231, says: "While 'any' is derived from 'one' and indeed has been used as synonymous with 'a' or 'an', or 'either', it does not necessarily mean only one person, but may have reference to more than one or to many, and indeed it has been frequently used in its enlarged and plural sense as meaning * * * an indefinite number * * *."

The use of the word "any" in the first sentence of article 2922aa is unquestionably used in a plural sense. 3 C.J.S., Any, pp. 1400, 1401, says when the word "any" is used in a plural sense it means " 'all,' 'all or every,' 'each,' 'each one of all," or 'every' without limitation."

Webster's New International Dictionary, 2 Edition, says: "The word 'any' used in a plural sense means 'all'."

The first sentence in article 2922aa is unquestionably an affirmative sentence. The New Century Dictionary says, "The use of the word 'any' in affirmative sentences is equivalent to *every* or *all*." (Italics ours.)

For the reasons stated above we believe a reasonable construction of the statutes in question authorizes the consolida-

tion of the two contiguous county-line school districts in question and that the elections were held in compliance with articles 2922aa and 2806. We therefore believe the trial court properly held that the elections were valid and the contestants were not entitled to the relief prayed for. We overrule contestants' points of error and affirm the judgment of the trial court.