**HIME et al. v. CITY OF GALVESTON.**

**No. 3161.**

Court of Civil Appeals of Texas.

Waco.

May 13, 1954.

Rehearing Denied June 3, 1954.

Cecil J. Palmer, James P. Simpson, Jr., Dickinson, for appellants.

H. E. Kleinecke, Jr., City Atty., James A. Piperi, Asst. City Atty., Galveston, for appellee.

McDONALD, Chief Justice.

This is a suit by those entitled to the estate of a deceased former police officer against the City of Galveston for payment of sick leave time, which had been accrued by the deceased as a city policeman prior to his death. Trial was upon an agreed statement of facts, which reflects that the City of Galveston, on 13 December 1947, voted to adopt the provisions of Firemen's and Policemen's Civil Service Act, Art. 1269m, R.C.S., Vernon's Ann.Civ.St. This Act, as well as the rules adopted by the City of Galveston pursuant thereto, provides for the accumulation of 15 days per year of sick leave by personnel covered by the Act; that sick leave can be accumulated to a total of not exceeding 90 days; and further provides: *"In the event that an employee * * * [in the classified*

*service]* *for any reason leaves the classified service he shall remain on the pay roll until his accumulated sick leave is all used."* Section 26.

The record reflects that the deceased was appointed a patrolman on 1 June 1929, and served as such until 1 November 1942; that he was again appointed a patrolman on 1 June 1947 and served as such until his death on 5 August 1952; that he used a total of 18 days sick leave after the adoption of the Act; that his rate of pay was $256 per month.

After deceased policeman's death, his surviving heirs at law (there being no administration on deceased's estate or necessity therefor) made demand on the City of Galveston for payment to them of the 49 days' accumulated sick leave over and above that which had been used by the deceased. The City refused to pay and suit was filed.

Trial was before the Court without a jury, which rendered judgment that Plaintiffs take nothing. The Trial Court, upon request, filed Findings of Fact and Conclusions of Law, the pertinent portions of which are:

"I am of the opinion that the Legislature did not intend to permit an employee to accumulate sick leave so as to become a vested property right and pass by inheritance upon his death. It is my opinion that the Legislature was thinking only of according living employees the protection of sick leave with pay. It is true that (the Act) provides that an employee leaving the service for any reason shall remain on the payroll until his accumulated sick leave is all used up. I think it quite clear that in using the phrase 'for any reason' the Legislature did not have in mind death; otherwise they would not have provided for a dead man being kept on the payroll."

Plaintiffs appealed on three Points, but which present but one question for determination by this court, viz.: Do the sick leave benefits provided for by Art. 1269m survive a former employee in death? Stated another way: Does an employee have such a vested interest and property right in sick leave benefits accrued by virtue of Art. 1269m, that upon the employee's death the right or property passes to his heirs?

To answer the foregoing questions it is necessary to construe Section 26 of Article 1269m, R.C.S., which provides for the accumulation of not to exceed 90 days of sick leave by employees covered by the Act, and then in paragraph 4 thereof further provides: "In the event that an employee * * * [in the classified service] *for any reason* leaves the classified service he shall remain on the pay roll until his accumulated sick leave is all used."

Article 10 R.C.S. gives us the following rules, among others, which shall govern in the construction of all civil enactments by the Legislature: "1. The ordinary *signification shall be applied to words* * * *. 6. In all interpretations, the court shall look diligently for the intention of the Legislature, keeping in view at all times * * * the evil and the remedy. * * * 8. * * * said statutes shall constitute the law of this State respecting the subjects to which they relate; and the provisions thereof shall be liberally construed with a view to effect their objects and to promote justice."

Measured by the foregoing applicable rules of construction, we come now to consider Section 26 of the Act. The 1st 3 paragraphs are clear and unequivocal to the effect that an employee covered by the Act can accumulate 15 days sick leave in one calendar year—and to a total of not exceeding 90 days total. Paragraph 4 then provides that if the employee *"for any reason"* leaves the classified service he shall remain on the payroll until his accumulated sick leave is all used. This 4th paragraph merely provides a method by which the employee's accumulated sick leave accrued to him in the 1st 3 paragraphs of Section 26 will be paid. It cannot in any sense be used to limit or to take away from an employee any benefit accrued by virtue of the

1st 3 paragraphs. A statement providing the manner in which the City will pay the accumulated sick leave if the employee leaves the service *"for any reason"*, certainly cannot be said to relieve the City of paying the accumulated sick leave. It merely provides a *method* by which it shall be paid. In the event the employee *for any reason leaves the classified service,* certainly includes leaving by death. To say otherwise would not accord to the words their ordinary signification, as is required by Article 10 R.C.S. supra.

We believe that the Legislature considered that a policeman or fireman leaving the service *"for any reason"*, would include *by death.* The duties of policemen and firemen involve the hazardous duties of apprehending dangerous armed criminals, and extinguishing terrific fires—both involving considerably greater hazard than involved in most other occupations. It would be unreasonable and absurd and a reflection upon our Legislature to say that they did not intend to include *death* in the phrase *"for any reason."*

It has been held that when a statute is susceptible of various constructions, one of which would lead to absurdity and defeat the legislative intent, while the other would clarify its meaning, purposes and intent, such reasonable construction must be given it. American Indemnity Co. v. City of Austin, Tex.Civ.App., 211 S.W. 812; City of Corpus Christi v. Mireur, Tex.Civ.App., 214 S.W. 528; Eastern Texas Electric Co. v. Woods, Tex.Civ.App., 230 S.W. 498.

■ Further, the word "any" has been judicially construed to mean: *"each"* or *"every"* or *"all".* (Black's Law Dictionary, 3rd Ed., p. 119); and particularly in construing statutes, the word *"any"* is equivalent to and has the force of *"every"* and *"all".* Roedler v. Vandalia Bus Lines, 281 Ill.App. 520; 3A Words & Phrases, p. 53.

Section 16a of the Act states clearly the purpose of the law and the intentions of the Legislature as follows: "It is hereby declared that the purpose of the Firemen and Policemen's Civil Service Law is to secure to the cities affected thereby efficient Police and Fire Departments, composed of capable personnel, free from political influence, and with permanent tenure of employment as public servants."

It was the purpose of the law, as above stated, to secure a better class of firemen and policemen by the cities covered, by providing them with certain benefits, including sick leave. To take away the benefit of sick leave merely because the employee was taken by death seems to us to be clearly contrary to and destructive of the intentions of the Legislature, and contrary to an effectuation of the purposes for which the law was enacted.

Finally, to say that the employee's accrued sick leave died with him would be a most strict construction of the Act, and certainly not one calculated to promote justice. It would be a palpable injustice for an employee, dismissed for crime or irregularity, to receive sick leave pay, but deny same to a faithful employee who lost his life in the performance of his duties.

■ Applying the foregoing rules of statutory construction to the enactment under review, and: 1) ascribing the ordinary signification to the words used; 2) looking to the intention of the Legislature as expressed in the Act itself; and 3) construing the Act liberally and in keeping with its expressed purposes and to promote justice, we must disagree with the conclusions reached by the learned Trial Court. We answer the questions for determination in the affirmative, and hold that sick leave benefits which accumulated prior to an employee's death by virtue of Article 1269m do survive the employee in death; that they become an asset of the deceased employee's estate; and pass to those entitled by law to the estate.

The judgment of the Trial Court is accordingly Reversed and the cause Remanded for determination as to the precise amount to be paid Appellants herein, and for determination as to whether, and if so how much, attorney's fees are to be allowed.