

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 8, 1974

The Honorable Donald C. Klein, P. E.
Executive Director
Texas State Board of Registration
for Professional Engineers
Room 200, 1400 Congress
Austin, Texas 78701

Opinion No. H-201

Re: Reconsideration of
Attorney General Opinion
M-1149 (1972) - whether
county is obligated to
employ licensed profes-
sional engineer as a county
road engineer.

Dear Mr. Klein:

Your opinion request concerns whether Bexar County is required to employ a licensed professional engineer as the County Road Engineer or whether it may continue to employ the services of a Road Administrator under Article 6716-1, V. T. C. S., known as "The Optional County Road Law of 1947".

You advise us of the following facts in your letter:

> "The Texas State Board of Registration for Profes-
> sional Engineers has registered in the state of Texas
> approximately 28, 000 licensed Professional Engineers.
> Of these between 700 and 1, 000 reside in Bexar County
> in or around San Antonio. Bexar County employs a
> county road administrator rather than a licensed Profes-
> sional Engineer at a monthly salary of $1, 500. 00. The
> matter of the failure of a county with a population the
> size of Bexar County to fail to employ a licensed Profes-
> sional Engineer when it undoubtedly could employ a
> licensed Professional Engineer in the capacity of county
> road engineer has for some time been a source of
> dissent and controversy between the County Commis-

> sioners of Bexar County and the licensed Profes-
> sional Engineers of the state of Texas, and
> particularly Bexar County. As a result of this
> controversy, the County, in June of 1972, decided
> to request an Attorney General's Opinion on the
> relevance and interpretation of Article 6716-1
> V. C. S. as it relates to Bexar County, and in
> June of 1972, Opinion M-1149 answered the question
> in favor of the County Commissioners and allowed
> Bexar County to continue to employ a road admin-
> istrator rather than a county road engineer."

Article 6716-1, § 5, V. T. C. S., originally provided in part:

> "The County Road Engineer shall be appointed
> by the Commissioners Court. He shall be a
> licensed professional engineer, experienced in
> road construction and maintenance, who shall
> meet the qualifications required by the State
> Highway Department for its county engineers. .
> . ." (Emphasis added)

Section 5 was amended, (Acts 1957, 55th Leg., ch. 176, p. 371) to add the following language:

> ". . . If the Commissioners Court is not able to
> employ a licensed professional engineer for any
> reason, then the Commissioners Court is authorized
> to employ a qualified road administrative officer,
> who shall be known as the County Road Administrator,
> to perform the duties of the County Road Engineer.
> The County Road Administrator shall have had
> experience in road building or maintenance or
> other types of construction work qualifying him to
> perform the duties imposed upon him, but it shall
> not be necessary that he have had any fixed amount
> of professional training or experience in engineering
> work. . . ." (Emphasis added)

Section 2 of the 1957 Act was the "emergency clause" and provided in part as follows:

> "The fact that the scarcity of professional engineers
> and the salary limitation in the Optional County
> Road Law makes it practically impossible for some
> counties to employ a licensed professional engineer
> to serve as County Road Engineer, as now required
> in that law, creates an emergency. . . ."

Article 6716-1 indicates a Legislative intent that a licensed professional engineer shall be hired unless the Commissioners' Court is not able to find or pay one. Ordinarily "shall" is of mandatory effect, 53 Tex. Jur. 2d, Statutes, § 16. The word "any" as used in the phrase "for any reason" has been construed to mean each, every, or all. Hime v. City of Galveston, 268 S. W. 2d 543, (Tex. Civ. App. Waco, 1954, writ ref., n. r. e. ). Hime enumerates three specific tests to be followed in the interpretation of any civil statute. They are:

1. Ascribe ordinary significance to the words used.
2. Look to the legislative intent as expressed in the act.
3. Construe the act liberally and in keeping with the expressed purposes to promote justice.

The intention of the Legislature, as evidenced by the "emergency clause", was to provide an alternative to a county road engineer for counties which were not able to hire a licensed professional engineer. "For any reason", therefore, would mean any reason having to do with inability to hire a professional engineer who is qualified according to the standards set by the Commissioners' Court. Where it can be shown that a licensed professional engineer, who meets the standards authorized by the Commissioners' Court, is available and willing to accept the job, it may be an abuse of discretion for the Commissioners' Court to hire a road administrator.

Article 3271a, V. T. C. S. , known as the Texas Engineering Practice Act, is the general Act regulating activities of professional engineers. Section 19 makes it unlawful for the State or any political subdivision to engage in

construction of public works where the public health, welfare and safety are involved unless engineering plans and specifications are drawn up by a professional engineer and the work being done is supervised by a professional engineer. Section 19 further provides, in part:

" . . . Provided, that this Act shall not apply to any road maintenance or betterment work undertaken by the County Commissioners' Court. "

Further, public policy embodied in Article 3271a should be liberally construed, as opposed to the proviso which should be strictly construed, 53 Tex. Jur. 2d, Statutes, 194, 201. The need for licensed professional engineers to design today's modern superhighways underlies such a policy. Certainly, the design of new highways is a "construction of any public work . . . where public welfare and safety are involved" which would require that the engineering plans be drawn by licensed engineers in accordance with Section 19. It is therefore our opinion that the more logical interpretation of "road maintenance and betterment work" is to apply such descriptive terms to the more routine maintenance and betterment work carried out under the Commissioners Court direction rather than apply such descriptive terms to traditional engineering work involving design, drawings, and supervision requiring professional engineering expertise.

### SUMMARY

In accordance with Article 6716-1, V. T. C. S., a county commissioners court is required, if able, to employ a licensed professional engineer as the County Road Engineer if one meets the requirements set by the commissioners court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee