

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

December 28, 2005

The Honorable Lawrence F. Harrison
Kimble County Attorney
Post Office Box 385
Junction, Texas 76849

Opinion No. GA-0390

Re: Whether a deputy sheriff is an "individual who acts in any capacity for a permitting authority" for purposes of title 30, section 285.50(g) of the Texas Administrative Code, which prohibits such persons from working as an installer for an on-site sewage facility within the permitting authority's jurisdiction (RQ-0366-GA)

Dear Mr. Harrison:

You inquire whether the "elected Sheriff of a County, or a deputy hired by him, [is] 'an individual who acts in any capacity for [the county as] a permitting authority'" so as to be prohibited by the Texas Administrative Code from working as an on-site sewage facilities installer within the county.[1]

You inform us that the Texas Commission on Environmental Quality (the "Commission") has cited a Kimble County deputy sheriff[2] for working as an installer at an on-site sewage facility (an "OSSF") in Kimble County. *See* Request Letter, *supra* note 1. Kimble County, for which this individual is a deputy sheriff, is the permitting authority for the on-site sewage facility program in Kimble County.[3] According to your letter, the designated representative for Kimble County has also been cited by the Commission for allowing an individual who acts in any capacity for the permitting authority to work as an OSSF installer. *See* Request Letter, *supra* note 1. These citations were issued by the Commission pursuant to title 30, section 285.50(g)(2) of the Texas Administrative Code, which provides:

---

[1]Letter from Honorable Lawrence F. Harrison, Kimble County Attorney, to Honorable Greg Abbott, Attorney General of Texas (July 13, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]You inquire about both a sheriff and a deputy sheriff. *See* Request Letter, *supra* note 1. Because the citations issued by the Commission involve only a deputy sheriff, we limit our opinion to the position of deputy sheriff.

[3]Brief from Sarah Jane Utley, Attorney, Litigation Division, Texas Commission on Environmental Quality, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas (Sept. 20, 2005) (on file with Opinion Committee) [hereinafter TCEQ Brief].

(g) Any individual *who acts in any capacity for a permitting authority* shall not, within that permitting authority's area of jurisdiction:

> (1) work as an apprentice to an OSSF Installer;
>
> (2) work as an OSSF Installer;
>
> (3) work for an OSSF maintenance company;
>
> (4) work as a site evaluator; or
>
> (5) perform any other OSSF-related activities which fall under the permitting authority's regulatory jurisdiction, except those activities directly related to the individual's duties as an employee of, appointee to, or contractor for the permitting authority.

30 TEX. ADMIN. CODE § 285.50(g)(2) (2005) (Tex. Comm'n on Envtl. Quality) (emphasis added). Section 285.50(g)(2) is part of the Commission's on-site sewage facilities regulations.

The Commission adopted on-site sewage facilities regulations to fulfill its duty to administer chapter 366 of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 366.012(a)(1) (Vernon Supp. 2005) (Commission shall adopt rules governing installation of on-site sewage disposal systems); *see also id.* §§ 366.002(2) (defining "Commission"), 366.011(2) (Vernon 2001) (Commission "shall administer this chapter and the rules adopted under this chapter"). Chapter 366 provides a comprehensive statutory framework that establishes minimum statewide standards for on-site sewage disposal systems.[4] *See generally id.* ch. 366 (Vernon 2001 & Supp. 2005). Among other things, the OSSF regulations set forth the licensing and registration requirements for OSSF installers, apprentices, designated representatives, and site evaluators. *See generally* 30 TEX. ADMIN. CODE ch. 285, subch. F (2005).

To assist in its regulation of OSSFs, the Commission can designate a local governmental entity as an "authorized agent." TEX. HEALTH & SAFETY CODE ANN. §§ 366.002(1) (Vernon Supp. 2005) (defining "authorized agent"), 366.031(a) (Vernon 2001) (authorizing designation of local governmental entity as authorized agent), 366.033 (Vernon 2001) (authorizing delegation to local governmental entities of responsibility for implementation and enforcement of applicable rules). An authorized agent is responsible for the implementation of the OSSF regulations in its territory. *See* 30 TEX. ADMIN. CODE § 285.10(a) (2005). On becoming an authorized agent, a governmental entity also serves as a permitting authority. *See id.* § 285.2(50) (defining "permitting authority" as "the

---

[4]An on-site sewage disposal system is "one or more systems of treatment devices and disposal facilities that: (A) produce not more than 5,000 gallons of waste each day; and (B) are used only for disposal of sewage produced [on site]." TEX. HEALTH & SAFETY CODE ANN. § 366.002(7) (Vernon Supp. 2005). For the most part on-site sewage disposal systems are "septic tank systems, aerobic treatment plants and other treatment devices used by homeowners and small businesses." Tex. Att'y Gen. Op. No. JM-1278 (1990) at 1 n.1.

executive director [of the Commission] or an authorized agent"). Kimble County is a permitting authority. *See* TCEQ Brief, *supra* note 3, at 1.

The Commission's OSSF rules, including section 285.50, apply to governmental entities designated as authorized agents and to persons who participate in most activities relating to OSSFs.[5] *See* 30 TEX. ADMIN. CODE § 285.1(b)(2)-(3) (2005). Among other things, section 285.50 prohibits any individual *who acts in any capacity for a permitting authority* from working as an OSSF installer in the permitting authority's jurisdiction. *See id.* § 285.50(g).

Agency administrative rules are construed pursuant to the rules used for statutory construction. *See Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex. 1976); *see also Lower Laguna Madre Found., Inc., et al. v. Tex. Natural Res. Conservation Comm'n*, 4 S.W.3d 419, 423 (Tex. App.–Austin 1999, no pet.) (citing TEX. GOV'T CODE ANN. § 311.002, Code Construction Act). We must strive to give effect to the agency's intent and to follow the plain language of the rule unless it is ambiguous. *See City of Alvin v. Pub. Util. Comm'n of Tex.*, 143 S.W.3d 872, 881 (Tex. App.–Austin 2004, no pet.). Furthermore, an "agency's construction of its rule is controlling unless it is plainly erroneous or inconsistent." *Phillips Petroleum Co. v. Tex. Comm'n on Envtl. Quality*, 121 S.W.3d 502, 507 (Tex. App.–Austin 2003, no pet.); *see also Tex. Citrus Exch. v. Sharp*, 955 S.W.2d 164, 169-70 (Tex. App.–Austin 1997, no pet.); Tex. Att'y Gen. Op. No. GA-0281 (2004) at 7 ("[A]gency's interpretation of its own rule is entitled to deference."). Moreover, courts defer to policy determinations in agency rules unless plainly inconsistent with the language of the rule. *See Flores v. Employees Ret. Sys. of Tex.*, 74 S.W.3d 532, 554 (Tex. App.–Austin 2002, pet. denied) ("Absent evidence that the Board is disregarding the plain language of its rules, we look to its expertise in calibrating the technical aspects and integrating the policy considerations of this complex statutory scheme."); *see also H.G. Sledge, Inc. v. Prospective Inv. & Trading Co.*, 36 S.W.3d 597, 603-04 (Tex. App.–Austin 2000, pet. denied) ("We may not substitute our judgment for that of the state agency 'on questions committed to agency discretion.'"). Further, "[b]ecause the interpretation represents the view of the regulatory body that drafted and administers the rule, the agency interpretation, if reasonable, becomes part of the rule itself." *Phillips Petroleum Co.*, 121 S.W.3d at 508; *see also H.G. Sledge, Inc.*, 36 S.W.2d at 604 ("'The agency interpretation becomes a part of the rule itself and represents the view of a regulatory body that must deal with the practicalities of administering the rule.'") (citing *McMillan v. Tex. Natural Res. Conservation Comm'n*, 983 S.W.2d 359, 362 (Tex. App.–Austin 1998, pet. denied)).

By issuing the two citations that relate to the deputy sheriff in Kimble County, the Commission has indicated that it interprets the rule in section 285.50(g) to apply to the deputy. Moreover, in briefing to this office the Commission stated that section 285.50(g) was to be broadly construed to apply to those "whose job is to serve the County." TCEQ Brief, *supra* note 3, at 3. The Commission also informs us that the "purpose and policy [of the rule] is to prevent a conflict of interest between those who install OSSFs in the permitting authority's jurisdiction and those who

---

[5]"This chapter applies to: . . . any person who participates in any activity relating to the development of planning materials, construction, installation, alteration, repair, extension, operation, maintenance, permitting, inspection, or investigation of an OSSF." 30 TEX. ADMIN. CODE § 285.1(b)(2) (2005).

act on behalf of the permitting authority." *Id.* at 4; *see also* 26 Tex. Reg. 4115, 4171 (2001) (codified at 30 TEX. ADMIN. CODE § 285.50(g)). We must consider the rule and the Commission's interpretation of it to determine whether that interpretation is plainly erroneous or inconsistent with the rule's language.

The critical language of section 285.50(g) is "in any capacity for." The words "any," "capacity," and "for" are undefined in Texas statutes. The term "capacity" has a multitude of meanings. In context, we believe the most appropriate definition is "duty, position, role." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 168 (10th ed. 1993). The term "any" has been defined by our courts as being equivalent to the words "every" and "all." *See Hime v. City of Galveston*, 268 S.W.2d 543, 545 (Tex. Civ. App.–Waco 1954, writ ref'd n.r.e.) ("[T]he word 'any' has been judicially construed to mean 'each' or 'every' or 'all.'"); *Branham v. Minear*, 199 S.W.2d 841, 846 (Tex. Civ. App.–Eastland 1947, writ ref'd n.r.e.) ("'[a]ny is equivalent to and has force of 'every' or 'all.'"); *Doherty v. King*, 183 S.W.2d 1004, 1007 (Tex. Civ. App.–Amarillo 1944, writ dism'd) (same). The term "for" also has many meanings. *See* NEW OXFORD AMERICAN DICTIONARY 661 (2001). In addition to meaning "employed by," the term "for" is also broadly defined as "on behalf of or to the benefit of." *Id.* Pursuant to these definitions, the phrase "in any capacity for" as used in section 285.50(g) could reasonably be construed to mean every or all duties, positions or roles on behalf of or to the benefit of the permitting authority. A deputy sheriff acts in a law enforcement role or position in a county pursuant to the law enforcement duties the deputy owes to the county.[6] *See* TEX. CODE CRIM. PROC. ANN. arts. 2.12(1) (Vernon Supp. 2005) (sheriffs and deputies are peace officers), 2.13 (Vernon 2005) (peace officers have duty to preserve the peace in their jurisdiction); TEX. LOC. GOV'T CODE ANN. § 85.003(e) (Vernon 1999) (deputy may perform the acts and duties of the deputy's principal). Because it is reasonable to conclude that a law enforcement duty, position, or role is within the scope of language that includes every and all duties, positions or roles on behalf of or to the benefit of a permitting authority, the Commission's interpretation is not plainly erroneous or inconsistent. Accordingly, we defer to the Commission's interpretation and conclude that a deputy sheriff is an individual who "act[s] in any capacity for a permitting authority" as contemplated by section 285.50(g)(2) of the Texas Administrative Code, when the county for which the individual acts as deputy is the OSSF permitting authority.

---

[6]You argue that a deputy sheriff is not an employee of Kimble County (the permitting authority) and therefore does not fall within the scope of the prohibition in section 285.50(g)(2). *See* Request Letter, *supra* note 1. Whether a deputy sheriff is employed by the county is not dispositive. The plain language of section 285.50(g)(2) does not prohibit only *employees* of a permitting authority from working as an OSSF installer for the permitting authority. Rather, it prohibits any individual from working as an OSSF installer if that individual acts for the permitting authority "in any capacity." *See* 30 TEX. ADMIN. CODE § 285.50(g)(2) (2005).

## S U M M A R Y

Title 30, section 285.50(g)(2) of the Texas Administrative Code prohibits an individual who "acts in any capacity for a permitting authority" from working as an on-site sewage facility installer within the permitting authority's jurisdiction. The Texas Commission on Environmental Quality interprets this rule to apply to a deputy sheriff in a county where the county is the permitting authority. Because the language "in any capacity for" may be construed to mean every or all duties, positions, or roles on behalf of or to the benefit of the permitting authority, the Commission's interpretation is not clearly erroneous or inconsistent with the rule's language. Accordingly, we defer to the Commission's interpretation and conclude that a deputy sheriff is an individual who "acts in any capacity for a permitting authority" when the county for which the deputy provides law enforcement services is the on-site sewage facility permitting authority.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee