The **CITY OF SOCORRO, Texas, et al., Appellant,**

v.

**U.S. FIREWORKS OF AMERICA, INC., Appellee.**

**No. 08–92–00036–CV.**

Court of Appeals of Texas, El Paso.

Nov. 12, 1992.

Rehearing Overruled Dec. 9, 1992.

Richard Contreras, El Paso, for appellant.

Joseph L. Hood, Jr., Scott, Hulse, Marshall et al., El Paso, for appellee.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

### OPINION

KOEHLER, Justice.

The question presented by this appeal is whether a special-law municipality achieves home-rule status merely by amending its charter with respect to the number of aldermen. The trial court, in response to a suit for a declaratory judgment and an injunction, held that it does not and granted an injunction enjoining the city from enforcing an ordinance which prohibited the sale of fireworks within 5,000 feet of its city limits. We affirm.

## FACTUAL BACKGROUND

In 1871, the state legislature incorporated the town of Socorro, Texas as a special-law municipality. In 1886, Socorro attempted to incorporate as a general-law municipality, but the attempt was declared void by this Court of Appeals in *Pence v. Cobb*, 155 S.W. 608, 609 (Tex.Civ.App.—El Paso 1913, no writ). In the late 1980's, Socorro attempted to convert to a home-rule municipality by forming a charter commission to draft a new charter. Elections on the new charter were held on January 16, 1988 and May 6, 1989, but both attempts failed when the voters rejected the proposed charter.[1]

Socorro then sought to amend its special-law charter by reducing the number of aldermen from nine to five. This amendment was approved by the voters (300 for the proposition and 149 against) in an election held on November 7, 1989. There is no claim by Socorro and nothing in the record to suggest that the voters were put on notice that the city would acquire home-rule status if the amendment passed by the required two-thirds vote. On December 3, 1990, based apparently on its belief that it was now by virtue of the foregoing charter amendment a home-rule city, Socorro adopted Ordinance No. 115, which prohibited the sale, possession, storage and igniting of fireworks within the city itself and within 5,000 feet of Socorro's municipal boundary and provided for penalties.[2]

## THE SUIT

U.S. Fireworks of America, Inc. (U.S. Fireworks), Appellee, then instituted this action against the City of Socorro and certain of its officials for a declaratory judgment that Ordinance No. 115 was void insofar as it purported to have extra-territorial application and for injunctive relief. Socorro and its officials answered with a general denial and with a special plea that having amended its charter with respect to the number of aldermen in accordance with Article XI, Section 5, of the Constitution of Texas, it became a home-rule city and was thus empowered to enact an ordinance prohibiting the sale and possession of fireworks within 5,000 feet of its city limits. Following a bench trial, the court after concluding that Socorro was not a home-rule city and did not have the authority to enact the ordinance in question, permanently enjoined Socorro from enforcing the provisions of the ordinance. In its appeal, the city claims in a single point of error that the court erred in determining that it is not a home-rule city.

## CONSTITUTIONAL PROVISIONS AND LAWS INVOLVED

Since the facts are not in issue, the question presented to us is purely a matter of law. The laws which govern the change in status from a special-law municipality to a home-rule municipality are as follows:

---

**1.** There are three kinds of municipalities in Texas: special-law, general-law (of which there are Type A, Type B and Type C municipalities, depending on population) and home-rule. Special-law municipalities are those cities created by local laws enacted by the Congress of the Republic of Texas or by the legislature from 1836 to 1912. Since their charters were in effect written by the Congress or the legislature, they owed their existence and powers to the specific legislation creating them. General-law cities are those incorporated under the general laws of the state as a result of the voluntary action of their inhabitants but as in the case of special-law cities, their powers are limited to those specifically granted by the legislature as enumerated in the relevant statutes. In 1912, the home-rule amendment (Article XI, Section 5) to the Constitution was adopted. This permitted cities having populations of more than 5,000 persons to adopt new charters, or amend existing charters, which could include any provision not inconsistent with the Constitution or the general laws of the state. Home-rule enabling legislation was enacted in 1913 which established the procedures by which cities could become home-rule. For an interesting and informative commentary, *see* Trueman O'Quinn's *History, Status, and Function of Cities, Towns and Villages* at pp. XIII–XXXVIII at the beginning of Vol. 2A, Texas Revised Civil Statutes Annotated (Vernon 1963).

**2.** Under Chapter 217 of Texas Local Government Code, only home-rule cities may adopt ordinances which define and prohibit nuisances within the city limits and within 5,000 feet outside the limits. Tex.Loc.Gov't Code Ann. § 217.042 (Vernon 1988).

§ 5.004. Home–Rule Municipality

A municipality is a home-rule municipality if it operates under a municipal charter that has been adopted or amended as authorized by Article XI, Section 5, of the Texas Constitution. Tex.Loc. Gov't Code Ann. § 5.004 (Vernon 1988).

§ 5.005. Special–Law Municipality

(a) A municipality is a special-law municipality if it operates under a municipal charter granted by a local law enacted by the Congress of the Republic of Texas or by the legislature.

(b) A special-law municipality that has amended its municipal charter as authorized by Article XI, Section 5, of the Texas Constitution is also a home-rule municipality. Tex.Loc.Gov't Code Ann. § 5.005 (Vernon 1988).

§ 5.903. Charter Amendment by Special–Law Municipality Incorporated Before June 30, 1881

(a) A special-law municipality that was incorporated as a town or village before June 30, 1881, by the Congress of the Republic of Texas or by the legislature may amend its charter in any regard that does not conflict with the law of this state if the amendment is approved by a resolution of the governing body of the town or village and by at least a two-thirds vote at an election held to ratify the amendment. Tex.Loc.Gov't Code Ann. § 5.903 (Vernon 1988).

Article XI, Section 5, of the Texas Constitution authorizes a city of more than 5,000 persons to adopt or amend its charter by a majority vote of the qualified voters of the city *"at an election held for that purpose,...."* [Emphasis added]. In implementation of this constitutional provision, the legislature enacted what is now Chapter 9 of the Texas Local Government Code.[3] Section 9.001, et seq., sets forth the manner in which a city may adopt or amend a home-rule charter. The title of the chapter is "HOME–RULE MUNICIPALITY" and the title of the first section thereunder is "Adoption or Amendment of Home–Rule Charter." It is readily apparent that the legislature intended Chapter 9 to apply to any city which wished to become a home-rule city and to any home-rule city which desired to amend its charter.

Socorro contends that it did not adopt a new charter under Section 9.001 and did not desire to change from a special-law municipality to a home-rule municipality by adopting a new charter but that its home-rule status occurred "as a result of an operation of law" when it amended its charter pursuant to Sections 5.005 and 5.903. It is thus Socorro's argument that whenever a special-law municipality amends its charter in accordance with those sections, it becomes a home-rule municipality by operation of law whether or not it intended to remain a special-law municipality and whether or not its voting citizens were notified that they were in effect voting to become a home-rule city. We disagree.

Even if Socorro's argument was otherwise legally sound, at a bare minimum, the voters would have to be informed that they were not just voting for a change in the number of aldermen or for some other superficial change in the charter, but that they were in fact voting on whether to become a home-rule municipality. The constitutional requirement that a charter may be adopted or amended at an election "held for that purpose" must surely mean that the voters have to be informed of what is the real purpose of the election. While a plain reading of Section 5.005(b) seems to allow the result contended by Socorro, it fails to recognize that the charter amending process must be as authorized by Article XI, Section 5, of the Constitution. The latter constitutional provisions provide that the adoption or amendment of charters is subject to such limitations as may be prescribed by the legislature. Section 9.001, which provides for the adoption or amendment of a home-rule charter, states that

---

**3.** The predecessor of Chapter 9 of the Texas Local Government Code was Chapter Thirteen, Home Rule, of Texas Revised Civil Statutes Annotated (Vernon 1963), commencing with Article 1165. The articles relating to adoption of a home-rule charter and amendment of an existing home-rule charter were repealed by Section 1 of Acts 1987, 70th Leg., ch. 149, § 49(1), eff. Sept. 1, 1987, and were reenacted in somewhat different form in the Texas Local Government Code.

Chapter 9 "applies to the adoption or amendment of a municipal charter by a municipality authorized to do so by Article XI, Section 5 of the Texas Constitution." We conclude from this that the legislative intendment is that Chapter 9 is to apply to every situation in which a city desires to become a home-rule city as well as to home-rule cities that wish to amend their charters.

■ We hold therefore that a special-law municipality which wishes to become a home-rule municipality whether by amending its present charter or by adopting a totally new charter, must follow the procedures of Chapter 9 (Sections 9.001 et seq. of the Local Government Code). Socorro's point of error is overruled.

Judgment of the trial court is affirmed.

