OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



February 24, 2000

The Honorable José R. Rodríguez
El Paso County Attorney
County Courthouse
500 East San Antonio, Room 203
El Paso, Texas 79901

Opinion No. JC-0187

Re:   Conversion of the City of Socorro to home-rule status   (RQ-0124-JC)

Dear Mr. Rodríguez:

You have requested our opinion regarding the proper procedure whereby the City of Socorro (the "City") may convert to home-rule status. For the reasons set forth below, we conclude that the City may not amend its charter to obtain the status of a hybrid special-law/home-rule city except by complying with chapter 5 and chapter 9 of the Local Government Code.

Subsection 5.005(a) of the Local Government Code declares that "[a] municipality is a special-law municipality if it operates under a municipal charter granted by a local law enacted by the Congress of the Republic of Texas or by the legislature." TEX. LOC. GOV'T CODE ANN. 5.005(a) (Vernon 1999). The City of Socorro is a special-law charter city incorporated by the legislature in 1871. Act approved April 26, 1871, 12th Leg., R.S., ch. 106, 1871 Tex. Gen. Laws 176-183, *reprinted in* 6 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822-1897, at 1314-1321 (Austin, Gammel Book Co. 1898). Subsection 5.903(a) of the Local Government Code permits "[a] special-law municipality that was incorporated as a town or village before June 30, 1881, by the Congress of the Republic of Texas or by the legislature" to "amend its charter in any regard that does not conflict with the law of this state if the amendment is approved by a resolution of the governing body of the town or village and by at least a two-thirds vote at an election held to ratify the amendment." TEX. LOC. GOV'T CODE ANN. § 5.903(a) (Vernon 1999).

In 1989, the City of Socorro attempted to amend its charter by reducing the number of aldermen from nine to five. Letter from Honorable José R. Rodríguez, El Paso County Attorney, to Honorable John Cornyn, Attorney General, at 1 (on file with Opinion Committee) [hereinafter "Request Letter"]. The amendment was approved by the voters by more than a two-thirds margin. *City of Socorro v. U.S. Fireworks of Am.*, 842 S.W.2d 779, 781 (Tex. App.–El Paso 1992, writ denied). The City argued that it had thereby become a home-rule city by operation of law, specifically, subsection 5.005(b) of the Local Government Code, which provides that "[a] special-law municipality that has amended its municipal charter as authorized by Article XI, Section 5, of the Texas Constitution is also a home-rule municipality." TEX. LOC. GOV'T CODE ANN. § 5.005(b) (Vernon 1999). In *U.S. Fireworks*, however, the El Paso Court of Appeals held that, because "the

legislative intendment is that Chapter 9 [of the Local Government Code] is to apply to every situation in which a city desires to become a home-rule city," the election failed to convert the city to home-rule status. *Id*. at 782.

The City of Socorro indicates that it wishes to obtain the hybrid special-law/home-rule status authorized by subsection 5.005(b). Request Letter, *supra*, at 2. That provision stipulates that the City's charter may be amended "as authorized by Article XI, Section 5, of the Texas Constitution." TEX. LOC. GOV'T CODE ANN. § 5.005(b) (Vernon 1999). Article XI, section 5, provides that "[t]he adoption or amendment of charters is subject to such limitations as may be prescribed by the Legislature." TEX. CONST. art. XI, § 5. In accordance with this constitutional provision, the legislature has enacted chapter 9 of the Local Government Code, which applies "to the adoption or amendment of a municipal charter by a municipality authorized to do so by Article XI, Section 5, of the Texas Constitution." TEX. LOC. GOV'T CODE ANN. § 9.001 (Vernon 1999).

Chapter 9 sets forth a detailed procedure by which "[t]he governing body of the municipality may, by an ordinance adopted by at least a two-thirds vote of its membership, order an election by the voters of the municipality on the question: 'Shall a commission be chosen to frame a new charter?'" *Id*. § 9.002. Section 9.002 prescribes the dates of the charter commission election, the contents of the ballot, and the membership of the charter commission. *Id*. Section 9.003 provides for the submission to the voters of the charter prepared by the commission. *Id*. § 9.003. Section 9.004 establishes election dates for the adoption of the charter, and sets forth strict notice requirements. *Id*. § 9.004. Section 9.005 states that the charter is adopted "if it is approved by a majority." *Id*. § 9.005. Section 9.007 describes the registration and certification procedures for a new charter. *Id*. § 9.007.

The City of Socorro contends that only certain of the requirements of chapter 9 are applicable to a special-law city that wishes to convert to hybrid special-law/home-rule status under subsection 5.005(b). Request Letter, *supra*, at 4-5. The City bases its case on two propositions: first, that if all of the requirements of chapter 9 of the Local Government Code are imposed on it, then chapter 5—which applies to the class of special-law cities into which it falls—is without meaning. Second, the City asserts that the actual holding of *U.S. Fireworks*, is not that a special-law municipality must follow all of chapter 9 to become a special-law/home-rule hybrid, but only that the voters must be "put on notice that the city would acquire home-rule status if the amendment passed by the required two-thirds vote." *U. S. Fireworks*, 842 S.W.2d at 780. We will address each of these arguments in turn.

In our opinion, it is simply not the case that imposition of the entirety of chapter 9 would render chapter 5 nugatory. The differing provisions may easily be harmonized. Subsection 5.005(b) says merely that, when a special-law city amends its municipal charter "*as authorized by Article XI, Section 5, of the Texas Constitution*, [it] is *also* a home-rule municipality." TEX. LOC. GOV'T CODE ANN. § 5.005 (Vernon 1999) (emphasis added). Amendment of the municipal charter of a special-law city requires a two-thirds vote, *id*. § 5.903, rather than the simple majority necessary for a municipality that is home-rule only, *id*. § 9.005. A special-law city that wishes to retain that

classification, and nothing more, continues to be governed only by chapter 5. But if the municipality amends its charter pursuant to article XI, section 5, which incorporates chapter 9 of the Local Government Code, it becomes the hybrid special-law/home-rule city recognized by section 5.005.

As to the City's second argument, it is true that the most narrow reading of the court's opinion in *U. S. Fireworks* is that the attempted conversion to home-rule status failed because the voters were not "informed that they were not just voting for a change in the number of aldermen or for some other superficial change in the charter, but that they were in fact voting on whether to become a home-rule municipality." *U. S. Fireworks*, 842 S.W.2d at 781. But the court prefaces that sentence with a rather critical caveat: "Even if Socorro's argument was otherwise legally sound. . . ." *Id.* And the court makes plain that it views the City's argument as unsound:

> While a plain reading of Section 5.005(b) seems to allow the result contended by Socorro, it fails to recognize that the charter amending process must be as authorized by Article XI, Section 5, of the Constitution. The latter constitutional provisions provide that the adoption or amendment of charters is subject to such limitations as may be prescribed by the legislature. . . . We conclude from this that the legislative intendment is that Chapter 9 is to apply to every situation in which a city desires to become a home-rule city as well as to home-rule cities that wish to amend their charters.
>
> *We hold therefore that a special-law municipality which wishes to become a home-rule municipality whether by amending its present charter or by adopting a totally new charter, must follow the procedures of Chapter 9* (Sections 9.001 et seq. of the Local Government Code).

*Id.* at 782 (emphasis added). We cannot ignore the italicized language. The court even makes evident its view by declaring "[w]e hold . . . ." *Id.* Nowhere does the court suggest that a special-law municipality need follow only certain of the procedures of chapter 9. Rather, chapter 9, in all its details, is applicable to *any* municipality that wishes to become a home-rule city or to achieve the hybrid special-law/home-rule status.

It is therefore our opinion that the City of Socorro may not amend its charter to obtain the status of a hybrid special-law/home-rule municipality except by complying with chapter 5 and chapter 9 of the Local Government Code.

## S U M M A R Y

The City of Socorro may not amend its charter to obtain the status of a hybrid special-law/home-rule municipality except by complying with chapters 5 *and* 9 of the Local Government Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee