

OFFICE *of the* ATTORNEY GENERAL

GREG ABBOTT

January 22, 2003

The Honorable Frank Madla
Chair, Intergovernmental Relations Committee
Texas Senate
P. O. Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0014

Re: Effect of certain annexations on the extraterritorial jurisdiction of the City of San Antonio (RQ-0580-JC)

Dear Senator Madla:

You inform us that the City of San Antonio ("the city" or "San Antonio") is considering the annexation of a tract of land owned by the city and located in part in Medina County.[1] The land in question is known as the Mayberry tract. *See* Request Letter, *supra* note 1, at 1. As of the date of your letter, the Mayberry tract is not contiguous with the San Antonio city limits, but separated from the city by other parcels of land. *See id.* attachment ("2002 Annexation Study Areas"). Thus, if the Mayberry Tract is annexed by the city, Mayberry's boundaries will not connect with the city's present boundaries.

You ask whether the city's extraterritorial jurisdiction ("the ETJ") will expand if it: (1) annexes the Mayberry tract and (2) subsequently annexes the properties that separate the Mayberry tract from the city's boundaries. *See id.* at 1. The city's ETJ will not expand if it annexes the Mayberry tract at a time when it is not contiguous with the city's boundaries. If San Antonio subsequently annexes the properties that separate the Mayberry tract from the city's boundaries, the boundaries will expand to include the unincorporated area within five miles of the city boundary that encompasses the Mayberry tract. You also ask whether the December 31, 2002, effective date of new annexation procedures adopted by Senate Bill 89 of the 76th Texas Legislature will have an impact on the process of annexing these properties. *See id.* at 2. Local Government Code section 42.0225 applies to an annexation included in a municipality's annexation plan prepared under Local Government Code section 43.052, as amended by Senate Bill 89. *See* TEX. LOC. GOV'T CODE ANN. §§ 42.0225, 43.052 (Vernon Supp. 2003).[2] If the area was not included in that annexation plan during the period from December 31, 1999 to December 31, 2002, Local Government Code section

---

[1]*See* Letter from Honorable Frank Madla, Chair, Intergovernmental Relations Committee, Texas Senate, to Honorable John Cornyn, Texas Attorney General (July 22, 2002) (on file with Opinion Committee) [hereinafter Request Letter]; *see also* Zeke MacCormack, *S.A.'s Moves Bring Worry to Medina; The area's leaders see possible annexation as part of a bid for lake water*, SAN ANTONIO EXPRESS-NEWS, May 21, 2002, at 01B; 2002 WL 20698316.

[2]*See* Act of May 30, 1999, 76th Leg., R.S., ch. 1167, §§ 1, 4, 1999 Tex. Gen. Laws 4074, 4075-77.

42.0225 will still apply to the annexation if the first hearing notice required by former section 43.052 was published on or after September 1, 1999.

We turn to your first question, which relates to the expansion of a city's ETJ upon annexing additional territory. "The extraterritorial jurisdiction of a municipality is the unincorporated area that is contiguous to the corporate boundaries of the municipality and that is located . . . within five miles of those boundaries, in the case of a municipality with 100,000 or more inhabitants." *Id.* § 42.021(5) (Vernon 1999) (also setting out ETJ for cities of fewer inhabitants). San Antonio's population greatly exceeds 100,000 persons, and thus its ETJ extends five miles from its boundaries. *See* BUREAU OF THE CENSUS, U.S. DEPT. OF COMMERCE, 2000 CENSUS OF POPULATION, *available at* http://www.census.gov/. A municipality may annex additional territory that is adjacent to its existing boundaries, within its ETJ. *See City of Wichita Falls v. State ex rel. Vogtsberger*, 533 S.W.2d 927, 929 (Tex. 1976); *see also* TEX. LOC. GOV'T CODE ANN. §§ 43.021 (home-rule city), 43.033-43.034 (general-law city) (Vernon 1999 & Supp. 2003). "Adjacent" has been defined by the courts to mean "'neighboring or close by' or 'in the vicinity of and not necessarily contiguous or touching upon.'" *City of Waco v. City of McGregor*, 523 S.W.2d 649, 653 (Tex. 1975) (quoting *State ex rel. Pan American Prod. Co. v. Texas City*, 303 S.W.2d 780, 784 (Tex. 1957); *see also* III OXFORD ENGLISH DICTIONARY 822 (2d ed. 1989) (contiguous means "touching, in actual contact, . . . meeting at a common boundary"); *Joaquin Indep. Sch. Dist. v. Fincher,* 510 S.W.2d 98, 103 (Tex. Civ. App.–Tyler 1974, writ ref'd n.r.e.) ("contiguous . . . districts must . . . touch one another [so] that all may be included in a common boundary line, without any intervening spaces"). "Adjacency is a question of law which must be determined in the context of the facts of each particular case." *City of Waco*, 523 S.W.2d at 653; *City of Irving v. Dallas County Flood Control Dist.*, 383 S.W.2d 571, 576 (Tex. 1964) ("'Adjacency,' as between two Home Rule cities, must be tested by the facts in each case.").

San Antonio, as a home-rule city, *see Texas River Barges v. City of San Antonio,* 21 S.W.3d 347, 352 (Tex. App.–San Antonio 2000, pet. denied), may "annex area adjacent to the municipality" according to rules provided in its charter and not inconsistent with the procedural rules of Local Government Code chapter 43. TEX. LOC. GOV'T CODE ANN. § 43.021 (Vernon 1999). The Mayberry tract is currently within San Antonio's ETJ, according to San Antonio, *see* Request Letter, *supra* note 1, at 1, but it does not have a common boundary with San Antonio.

We do not know whether the Mayberry area is "adjacent" to the City of San Antonio as required by the annexation statutes, and, in any case, we have not been asked this question. We assume for purposes of your request that San Antonio may annex this tract, and we consider only whether the city's ETJ will expand if it does so. When a city annexes an area, "the extraterritorial jurisdiction of the municipality expands with the annexation to comprise, consistent with Section 42.021, the area around the new municipal boundaries." See TEX. LOC. GOV'T CODE ANN. § 42.022(a) (Vernon 1999). Thus, when a city of 100,000 or more inhabitants annexes an area, its new ETJ would generally comprise the unincorporated area contiguous to the new city boundaries within five miles of the new boundaries. *See id.* § 42.021(5).

However, Local Government Code section 42.0225, adopted by Senate Bill 89 of the 76th Legislature, would provide a different answer with respect to San Antonio's annexation of the Mayberry tract. *See id.* § 42.0225 (Vernon Supp. 2003). Senate Bill 89, which adopted numerous changes to the annexation process, took effect September 1, 1999, but compliance with some of its provisions was delayed until December 31, 2002. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1167, § 17, 1999 Tex. Gen. Laws 4074, 4090 (effective date and transition clause). In addressing your first question, we consider only the effect of section 42.0225 on an annexation to which it applies and defer considering whether it applies to a proposed annexation until we address your last question.

Section 42.0225 applies:

> only to an area owned by a municipality that is:
>
> > (1) annexed by the municipality; and
> >
> > (2) not contiguous to other territory of the municipality.

TEX. LOC. GOV'T CODE ANN. § 42.0225(a) (Vernon Supp. 2003). "Notwithstanding Section 42.021, the annexation of an area described by Subsection (a) [quoted above] does not expand the extraterritorial jurisdiction of the municipality." *Id.* § 42.0225(b). The Mayberry tract is owned by San Antonio and is not contiguous to other territory of the city. Pursuant to this provision, the annexation of this tract will not expand San Antonio's ETJ.

You next ask whether the city's ETJ will expand if it subsequently annexes the properties that separate the Mayberry tract from the boundaries of the rest of the city. We understand that annexation of the intervening land will connect the Mayberry tract to the rest of San Antonio and make its boundary continuous with the boundary of the main part of the city, and our answer is premised on this understanding.

No special provision comparable to Local Government Code section 42.0225 addresses these circumstances, and we accordingly look to Local Government Code section 42.022, the general provision on expansion of the ETJ through annexation. When a city annexes an area, the city's ETJ ordinarily expands to provide a new ETJ consistent with section 42.021. *See id.* § 42.022(a) (Vernon 1999); *see also id.* § 42.022(c) (a city's ETJ will not expand through annexation to include any area in the existing ETJ of another municipality). San Antonio's ETJ is "the unincorporated area that is contiguous to the corporate boundaries of the municipality and that is located . . . within five miles of those boundaries." *Id.* § 42.021(5). Thus, if San Antonio annexes the property separating the Mayberry tract from the main part of the city, San Antonio's ETJ will expand to include the unincorporated area within five miles of the city boundary that encompasses the Mayberry tract.

You also state that the annexation of the properties mentioned in your letter may occur prior to December 31, 2002, when new annexation provisions adopted by Senate Bill 89 of the 76th

session will become fully applicable, and you ask whether the December 31, 2002, date will affect the annexation of the properties. *See* Request Letter, *supra* note 1, at 2. *See also* Act of May 30, 1999, 76th Leg., R.S., ch. 1167, § 17, 1999 Tex. Gen. Laws 4074, 4090 (effective date). We lack sufficient information to apply the transition and effective date provisions of Senate Bill 89 to specific properties and will accordingly deal generally with the impact of the December 31, 2002, date on annexations. The city will have access to the information necessary to determine how the effective date provisions apply to a property it wishes to annex.

Senate Bill 89 changed the municipal annexation process in a number of ways, among other things, "requiring cities to implement advance annexation planning procedures and providing for the timely provision [of] services to the annexed areas." *See* SENATE RESEARCH CTR., BILL ANALYSIS, Tex. S.B. 89, 76th Leg., R.S. (1999) (enrolled version "Digest"). Under this enactment a city must prepare an annexation plan specifying the annexations that it intends to implement in three years' time. *See* TEX. LOC. GOV'T CODE ANN. § 43.052 (Vernon Supp. 2003). Written notice of the adoption or amendment of the plan must be provided to each property owner in the affected area and to certain entities providing services there within ninety days of the time the plan is adopted or amended. *See id.* § 43.052(f). After a proposed annexation has appeared in the annexation plan for three years, the city has thirty-one days from the end of the three-year period to complete the annexation. *See id.* § 43.052(g); *see also id.* § 43.056 (annexing city would have to provide full services to the annexed area within two and one-half years, with certain exceptions). Senate Bill 89 also adopted Local Government Code section 42.0225, the subject of your first question. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1167, § 1, 1999 Tex. Gen. Laws 4074.

Senate Bill 89 took effect September 1, 1999, but compliance with its changes to the annexation process has been phased in over a period of time ending December 31, 2002. *See id.* § 17, at 4090. Section 17 of the bill, the effective date provision, requires each municipality to adopt an annexation plan as required by Local Government Code section 43.052, as amended by Senate Bill 89, on or before December 31, 1999, to become effective December 31, 1999. *See id.* Local Government Code section 43.052 requires a municipality to prepare an annexation plan "that specifically identifies annexations that may occur beginning on the third anniversary of the date the annexation plan is adopted." TEX. LOC. GOV'T CODE ANN. § 43.052(c) (Vernon Supp. 2003). A municipality may annex an area identified in the plan only as provided by section 43.052. *See id.* § 43.052(b). With certain exceptions, a city may not annex an area without including it in the annexation plan. *See id.* § 43.052(c), (h). *See also* HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. S.B. 89, 76th Leg., R.S. (1999) at 3-5.

An area not included in the annexation plan may be annexed until December 31, 2002, pursuant to annexation law as it was before the effective date of Senate Bill 89, unless the first public hearing of the annexation procedure was conducted on or after September 1, 1999. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1167, § 17(c), (d), 1999 Tex. Gen. Laws 4074, 4090. In the latter case, certain changes in the law as specified in section 17(d) of the bill apply to the annexation. *See id.* *See also id.* § 17(e) (specifying changes in the law applicable to the annexation of an area not required to be included in a municipal annexation plan if the first hearing notice is published on or after September 1, 1999).

Subsection 17(f) of Senate Bill 89 provides when Local Government Code section 42.0225, the provision we addressed in answering your first question, will apply to annexations. Subsection 17(f) provides that the change made by section 1 of Senate Bill 89, which adopted Local Government Code section 42.0225, applies only to:

>           (1) an annexation included in a municipality's annexation plan prepared under Section 43.052, Local Government Code, as amended by this Act; and

>           (2) an annexation of an area that is not included in the municipality's annexation plan during the period beginning December 31, 1999, and ending December 31, 2002, if the first hearing notice required by Section 43.052, Local Government Code, as it existed immediately before September 1, 1999, is published on or after that date.

*Id.* § 17(f).

Prior to its amendment by Senate Bill 89, Local Government Code section 43.052 required the governing body of a municipality to conduct two public hearings preceded by notice published in a newspaper before instituting annexation proceedings. *See* Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, sec. 43.052, 1987 Tex. Gen. Laws 707, 751 (nonsubstantive revision of statutes relating to local government), *amended by* Act of May 30, 1999, 76th Leg., R.S., ch. 1167, § 4, sec. 43.052, 1999 Tex. Gen. Laws 4074, 4075. Pursuant to subsection 17(f) quoted above, Local Government Code section 42.0225 applies to an annexation included in a municipality's annexation plan prepared under Local Government Code section 43.052, as amended by Senate Bill 89. If the area was not included in the annexation plan during the period beginning December 31, 1999, and ending December 31, 2002, Local Government Code section 42.0225 will still apply to the annexation if the first hearing notice required by former section 43.052 was published on or after September 1, 1999.

Accordingly, if San Antonio annexes land that it owns and that is not contiguous with its boundaries before December 31, 2002, the land will be subject to Local Government Code section 42.0225: (1) if the land is included in its annexation plan, or (2), with respect to land that is not included in its annexation plan during the period from December 31, 1999, to December 31, 2002, if the first hearing notice required by former section 43.052 was published on or after September 1, 1999. If neither circumstance exists, the law prior to the September 1, 1999 effective date of Senate Bill 89 applies to the annexation.

## S U M M A R Y

Section 42.0225 of the Local Government Code, as adopted by Senate Bill 89 of the 76th Legislature, provides that a city's extraterritorial jurisdiction will not expand if it annexes an area that it owns and that is not contiguous to other territory of the municipality. If the city subsequently annexes the properties that separate the noncontiguous land from its boundaries, the city's extraterritorial jurisdiction will expand pursuant to Local Government Code section 42.021 to include, in the case of a city with a population of 100,000 or more, the unincorporated area within five miles of the city boundary.

If a city annexes such land before December 31, 2002, the land will be subject to Local Government Code section 42.0225: (1) if it is included in its annexation plan, or (2), with respect to land that is not included in its annexation plan during the time period from December 31, 1999, to December 31, 2002, if the first hearing notice required by former section 43.052 was published on or after September 1, 1999.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


BARRY R. MCBEE
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

RICK GILPIN
Deputy Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee