

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 31, 2006

The Honorable J. Keith Meredith
Freestone County and District Attorney
118 East Commerce, Room 305
Fairfield, Texas 75840

Opinion No. GA-0478

Re: Authority of a Type A general-law municipality to annex land outside its extraterritorial jurisdiction (RQ-0480-GA)

Dear Mr. Meredith:

You ask us to construe two sections of the Local Government Code that pertain to municipal annexation.[1] Specifically, you ask

> 1) Whether a Type A General-Law Municipality may annex land outside of its extraterritorial jurisdiction pursuant to [sections] 42.021 and 43.051of the [Texas Local Government Code.]
>
> 2) Additionally, whether a Type A General-Law Municipality may engage in strip annexation of land that is less than [] 1,000 feet in width to include certain highways that run adjacent and contiguous to the Municipality pursuant to [sections] 43.054 and 43.0545 of the [Texas Local Government Code.]

Request Letter, *supra* note 1, at 1.

You inform us that the City of Wortham, Texas (the "City") is a Type A general-law municipality with a population of 1,082 inhabitants. *See id.; see also* U. S. CENSUS BUREAU, POPULATION FINDER (population of Wortham is 1,082 according to 2000 Census of Population), *available at* http://www.census.gov/ (last visited Sept. 22, 2006). You also inform us that the City adopted an ordinance annexing territory consisting of roadway rights-of-way and that nearby citizens have complained of increased municipal police activity along the roadways. *See* Request Letter, *supra* note 1, at 1–2. In connection with these complaints, you pose your questions. *See id.*

---

[1]Letter from Honorable J. Keith Meredith, Freestone County and District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Apr. 13, 2006) (on file with the Opinion Committee, *also available at* http://www.oag .state.tx.us) [hereinafter Request Letter].

## I.      Extraterritorial Jurisdiction Limits on Annexation

As a Type A general-law municipality, the City may exercise only the authority specifically given to it by the legislature. *See City of Soccorro v. U.S. Fireworks of Am., Inc.*, 842 S.W.2d 779, 780 n.1 (Tex. App.—El Paso 1992, writ denied). Chapter 43 of the Texas Local Government Code governs municipal annexation. *See generally* TEX. LOC. GOV'T CODE ANN. ch. 43 (Vernon 1999 & Supp. 2006). Many sections of chapter 43 authorize a Type A general-law municipality to annex territory. *See id.* §§ 43.024 (Vernon 1999) (authorizing annexation on request of area voters), 43.026 (authorizing annexation of territory owned by municipality); *see also id.* §§ 43.033, .034 (Vernon Supp. 2006). Irrespective of which specific grant of authority a municipality operates under, a municipality, including a Type A general-law municipality, is authorized to annex territory it does not own only if the territory is in the municipality's extraterritorial jurisdiction. *Id.* § 43.051 (Vernon 1999).

Extraterritorial jurisdiction ("ETJ") is the "unincorporated area that is contiguous to the corporate boundaries of the municipality." *Id.* § 42.021. The size of the ETJ depends on the municipality's population. *See id.* The ETJ of a city with a population of "fewer than 5,000 inhabitants," such as the City, extends within one-half mile of the boundaries of the municipality. *Id.* Thus, under sections 42.021 and 43.051, the City is authorized to annex only territory currently in its one-half mile ETJ. To the extent the City's annexation ordinance attempts to annex territory outside its ETJ, the ordinance goes beyond the City's authority and is void. *See Deacon v. City of Euless*, 405 S.W.2d 59, 64 (Tex. 1966) (instructing the trial court on remand that annexation of territory exceeding the statutory size limitations is void); *see also City of Port Isabel v. Pinnell*, 161 S.W.3d 233, 239 (Tex. App.—Corpus Christi 2005, no pet.) (recognizing allegation that city's annexation of territory outside the city's ETJ, if true, would render annexation void).

## II.     Limitations on Strip Annexation

You inform us that the territory annexed by the City is narrower than 1,000 feet and inquire about the limitations on strip annexation in sections 43.054 and 43.0545 of the Local Government Code. *See* Request Letter, *supra* note 1, at 3. You suggest that aspects of the two sections are in conflict and ask us to reconcile them. *See id.*

Section 43.054 provides that a municipality "may not annex a publicly or privately owned area, including a strip of area following the course of a road, highway, river, stream, or creek, unless the width of the area at its narrowest point is at least 1,000 feet." TEX. LOC. GOV'T CODE ANN. § 43.054(a) (Vernon Supp. 2006). This prohibition does not apply if:

> (1)  the boundaries of the municipality are contiguous to the area on at least two sides;

> (2)  the annexation is initiated on the written petition of the owners or of a majority of the qualified voters of the area; or

(3)   the area abuts or is contiguous to another jurisdictional boundary.

*Id.* § 43.054(b). You suggest that subsection 43.054(b)(1) excepts the City from the prohibition. *See* Request Letter, *supra* note 1, at 3. Section 43.0545 provides in pertinent part that a municipality "may not annex an area that is located in the extraterritorial jurisdiction of the municipality only because the area is contiguous to municipal territory that is less than 1,000 feet in width at its narrowest point." TEX. LOC. GOV'T CODE ANN. § 43.0545(a) (Vernon Supp. 2006); *see also* Request Letter, *supra* note 1, at 3 (stating that remaining subsections of 43.0545 do not apply). You state that "in trying to ascertain whether the City is allowed to engage in strip annexation it appears that [section] 43.0545 counteracts the language in [section] 43.054(b)(1) which provides an apparent exception for the City." Request Letter, *supra* note 1, at 3.

Section 43.054 prohibits annexation of territory that is less than 1,000 feet wide at its narrowest point. *See* TEX. LOC. GOV'T CODE ANN. § 43.054(a) (Vernon Supp. 2006). The exception in section 43.054(b)(1) allows for the annexation of a narrow territory where the territory is contiguous to the municipality on at least two sides. *See id.* § 43.054(b)(1). The term "contiguous" is not defined by this statute, but it has been defined with respect to political subdivision boundaries by a Texas court. *See Joaquin Indep. Sch. Dist. v. Fincher*, 510 S.W.2d 98 (Tex. Civ. App.—Tyler 1974, writ ref'd n.r.e.) (considering school district boundaries). In *Fincher*, the court defined "contiguous" to mean boundaries in "such physical contact or proximity that no intervening space exists between [the] touching boundaries." *Id.* at 103. Thus, under this definition of the term "contiguous," the exception in section 43.054(b)(1) applies only when the narrow territory otherwise prohibited from being annexed is physically next to, or touching, the municipal boundaries on at least two sides. *See* TEX. LOC. GOV'T CODE ANN. § 43.054(b)(1) (Vernon Supp. 2006). The municipal boundary is the corporate limit of the municipality and not the area comprising the ETJ. *See id.* § 42.021 (defining ETJ as the "unincorporated area that is contiguous to the corporate boundaries of the municipality").

Section 43.0545(a) prohibits a municipality from annexing an "area that is located in the extraterritorial jurisdiction of the municipality only because the area is contiguous to municipal territory that is less than 1,000 feet in width at its narrowest point." *Id.* § 43.0545(a). This provision was recently construed by a Texas court. *See City of Missouri City v. State ex rel. City of Alvin*, 123 S.W.3d 606 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). In the case, Missouri City had purported to annex an L-shaped strip of land that was 1,000 feet wide. *Id.* at 608. The L-shaped strip was in Missouri City's ETJ solely because it touched a strip of Missouri City that was only twenty-five feet wide. *See id.* at 614. The issue for the court with respect to section 43.0545 was whether the phrase "because the area is contiguous to municipal territory that is less than 1,000 feet wide in width at its narrowest point" modified "annex" or "is located." *Id.* at 614. Missouri City argued the phrase modified "annex" and that because its annexation had been motivated by reasons other than the fact that the strip was "contiguous to municipal territory that is less than 1,000 feet" wide, section 43.0545 was not violated. *See id.* The State argued the phrase modified "is located" and that Missouri City's annexation violated section 43.0545 because the strip to be annexed extended from a strip of land only twenty-five feet wide at its narrowest point. *Id.* The court considered the plain language of section 43.0545 and also examined its legislative history. *See id.*

at 615–16. In its examination of the legislative history, the court noted that the legislature's concern in enacting section 43.0545 had been cities annexing "areas located a considerable distance from the principal area of the city, so long as the area is connected at some point to the city limits." *Id.* at 616 (quoting SENATE INTERIM COMM. ON ANNEXATION, INTERIM REPORT, 75th Leg. 35 (Sept. 3, 1998), and stating that report is "available from the Legislative Reference Library of Texas: www.lrl.state.tx.us").[2] The court also noted a concern about cities "abus[ing] . . . the privilege of developing the ETJ by using strips that extended the ETJ twenty or more miles from the 'real city.'" *Id.* The court concluded the phrase modified "is located" so that section 43.0545 operated to prohibit "exactly the kind of annexation" Missouri City had attempted. *Id.* The court said that section 43.0545 prohibited the annexation of territory "that lies within the municipality's extraterritorial jurisdiction solely by virtue of the fact the land is 'contiguous to municipal territory that is less than 1,000 feet in width at its narrowest point.'" *Id.* To put the court's holding another way, the piece of the city to which territory to be annexed is connected must be at least 1,000 feet wide.

Though both sections address parcels of land narrower than 1,000 feet, we do not see that they conflict with each other. Rather, we believe the two sections serve different purposes. Section 43.054 requires that the territory to be annexed must be at least 1,000 feet wide, while section 43.0545 requires that the ETJ within which territory is to be annexed must be contiguous to municipal territory that is at least 1,000 feet wide. Accordingly, to the extent that you inquire about the validity of the City's annexation under these two sections, the City's annexation of territory that is less than 1,000 feet wide only falls within the section 43.054(b)(1) exception if the territory is contiguous to the corporate boundaries of the City on at least two sides. And the section 43.0545(a) prohibition would not apply unless the portion of the municipal territory to which the annexed territory is connected is less than 1,000 feet wide. Nevertheless, the validity of the City's annexation ordinance involves fact questions that we cannot resolve in the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0087 (2003) at 1 (opinion process cannot resolve fact questions); *see also* Tex. Att'y Gen. Op. No. JM-644 (1987) at 2 (same).

---

[2]*Available at* http://www.lrl.state.tx.us/scanned/interim/75/an76.pdf (last visited Oct. 16, 2006).

### S U M M A R Y

Under sections 42.021 and 43.051 of the Local Government Code, a Type A general-law city with fewer than 5,000 inhabitants is authorized to annex territory it does not own only if the territory is in the city's one-half mile extraterritorial jurisdiction.

Sections 43.054(b)(1) and 43.0545(a) of the Local Government Code do not conflict but instead serve different purposes. Section 43.054 imposes size restrictions on the territory to be annexed, while section 43.0545 imposes size restrictions on the portion of the municipal territory that establishes the extraterritorial jurisdiction in which the territory to be annexed is located.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee