December 17, 2013

The Honorable John J. Carona
Chair, Committee on Business and
   Commerce
Texas State Senate
Post Office Box 12068
Austin, Texas 78711

Opinion No. GA-1031

Re: Whether the Austin City Council may transfer governance of Austin Energy to a board of directors (RQ-1132-GA)

Dear Senator Carona:

You ask three questions about the Austin City Council's authority to adopt an ordinance regarding the governance of its municipally owned electric utility.[1] You tell us that the City of Austin's ("City") electric utility, Austin Energy ("Utility"), is governed by the Austin City Council. *See* Request Letter at 1. You indicate that questions exist regarding the City's authority to transition the Utility's governance to an independent board of directors, the fundamental question being whether the City has authority to change the governance structure of the Utility absent a city charter amendment election. *See id.* at 2–4. You express concern that a charter amendment election would exclude those Utility customers who are not City residents from having input in the matter. *See id.* at 3 (stating that "approximately 15 percent of Austin Energy's customers . . . are located outside of the municipal boundaries and, therefore, cannot vote in city elections" and noting the Utility's provision of utility service to the numerous State of Texas facilities located within the City). In these circumstances, you ask:

> 1) Does Local Government Code, Section 552.122 allow the Austin City Council, by ordinance, to transition to a board of director governance, distinct from the Austin City Council, and to allow out-of-city customer representation on the board?
>
> 2) Do any provisions of the Austin City Charter, including but not limited to those related to purchasing, personnel matters, or finance, pose a limitation on the powers or responsibilities that

---

[1]*See* Letter from Honorable John J. Carona, Chair, Comm. on Bus. & Commerce, to Honorable Greg Abbott, Tex. Att'y Gen. at 4 (June 24, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

may be delegated to a board of directors that includes out-of-city customer representation established by an ordinance adopted by the Austin City Council?

3) If the city charter does present limitations to the powers that might be delegated to a board of directors, does state law provide an option for amending the city charter with respect to the oversight or operation of Austin Energy that would allow all customers to have a voice in the election?

*Id.* at 4.

In connection with your first question, you raise section 552.122 of the Local Government Code. *See id.* at 3. Section 552.122 is contained in subchapter G of chapter 552, which applies to municipal electric utility systems that have certain outstanding debt obligations. *See* TEX. LOC. GOV'T CODE ANN. §§ 552.121 (West Supp. 2012) (setting forth requirements for applicability of subchapter G), 552.121–.124 (subchapter G). Section 552.122 provides that "[a] municipality *by ordinance* may transfer management and control of the municipality's electric utility system to a board of trustees appointed by the municipality's governing body." *Id.* § 552.122(a) (emphasis added). By its plain language, section 552.122 authorizes a municipality to transfer management and control of its electric utility to a board of trustees. *See Tex. W. Oaks Hosp., L.P. v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012) (stating that the aim of statutory construction is to determine legislative intent, which is best ascertained by the "plain and common meaning of the statute's words"). Section 552.122 does not require a charter amendment for a city to change its utility's governance structure and instead expressly permits the municipality to do so by ordinance. TEX. LOC. GOV'T CODE ANN. § 552.122(a) (West Supp. 2012); *cf. id.* § 552.121 (recognizing governance change can be made by ordinance or charter election). The only express requirement section 552.122 imposes is that the ordinance shall prescribe "(1) the number of members; and (2) the qualifications for appointment to the board." *Id.* § 552.122(b); *cf. id.* § 552.142(b)–(c) (imposing numerous other requirements regarding the transfer of management and control of a municipally owned water utility). Section 552.122 contains no additional requirements regarding the composition of the board. Further, it contains no language prohibiting a municipality from establishing board member qualifications that allow for representation by out-of-city utility customers. Thus, assuming the City satisfies the applicability provisions in section 552.121, section 552.122 authorizes the City to adopt an ordinance providing for a board of trustees to manage and control the Utility and to establish the board member qualifications, which could include out-of-city representation.

You next ask whether any provision of the City's charter limits the powers and responsibilities that may be delegated by ordinance to a board that includes out-of-city customer representatives. *See* Request Letter at 4. You do not suggest a particular charter provision or specific limitation for us to examine in relation to your question. We decline the invitation to exhaustively examine every provision of the city charter, but we find no immediately apparent provision that prohibits the City from delegating management and control of its Utility to an appointed board that includes out-of-city representatives. Whether any particular charter provision impacts the City's authority to "transfer management and control of the municipality's

electric utility system to a board of trustees" that is independent will ultimately depend on an analysis of the charter provisions at issue. TEX. LOC. GOV'T CODE ANN. § 552.122 (West Supp. 2012). Questions regarding construction of a city charter are outside the purview of an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0356 (2005) at 2 (stating that this office does not construe city charters).

Of course, a home-rule city may not adopt an ordinance or charter provision that is "inconsistent with the Constitution of this State, or [with] the general laws enacted by the Legislature of this State." TEX. CONST. art. XI, § 5. A charter provision that conflicts with a state statute is unenforceable. *See In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2002). A court will not hold a general law and a municipal ordinance or charter provision "repugnant to each other if any other reasonable construction leaving both in effect can be reached." *Dallas Merch's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 491 (Tex. 1993). Section 552.122 authorizes a transfer to a board of trustees of the "management and control" of the utility. TEX. LOC. GOV'T CODE ANN. § 552.122(a) (West Supp. 2012). In considering a predecessor statute, this office defined "management and control" to mean "governing, supervising, directing and conducting the affairs of the utility system." Tex. Att'y Gen. Op. No. DM-444 (1997) at 3. To the extent a charter provision is construed by the City to serve as a limitation on a board of trustees' ability to govern, supervise, direct and conduct the affairs of the Utility, a court could conclude that the charter provision is unenforceable as inconsistent with section 552.122. Whether any particular provision in the City's charter impermissibly conflicts with section 552.122 is not a question we address here.

Finally, you ask whether state law provides an option for amending the City charter to allow all Utility customers to vote in the charter-amendment election. *See* Request Letter at 4. Article XI, section 5 of the Texas Constitution provides that home-rule cities "may, by a majority vote of the *qualified voters of said city*, at an election held for that purpose, adopt or amend their charters." TEX. CONST. art. XI, § 5 (emphasis added). Section 9.005 of the Local Government Code provides that "a proposed amendment to a municipality's charter is adopted if it is approved by a majority of the *qualified voters of the municipality* who vote at an election held for that purpose." TEX. LOC. GOV'T CODE ANN. § 9.005(a) (West 2008) (emphasis added); *City of Socorro v. U.S. Fireworks of Am., Inc.*, 842 S.W.2d 779, 781 (Tex. App.—El Paso 1992, writ denied) (recognizing Legislature's adoption of chapter 9 of the Local Government Code in implementing article XI, section 5). Under this authority, only qualified voters of the City may vote in an election to amend the City's charter.

## S U M M A R Y

A city to which chapter 552 of the Local Government Code applies has express authority under section 552.122 to adopt an ordinance providing for a board of trustees to manage and control its municipally owned electric utility and to establish the board member qualifications, which can include out-of-city representation.

Whether any particular city charter provision limits such a board's independent exercise of its delegated powers and responsibilities is not a question that can be resolved in an attorney general opinion.

Under article XI, section 5 of the Texas Constitution, only qualified voters of the City of Austin may vote in an election to amend the Austin city charter.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee