# NO. 12-13-00038-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOAQUIN INDEPENDENT SCHOOL DISTRICT, APPELLANT* | *§* | *APPEAL FROM THE 273RD* |
| *V.* | | |
| | *§* | *JUDICIAL DISTRICT COURT* |
| *SHELBY COUNTY APPRAISAL DISTRICT, SHELBY COUNTY APPRAISAL REVIEW BOARD, SHELBYVILLE INDEPENDENT SCHOOL DISTRICT, APPELLEES* | *§* | *SHELBY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Joaquin Independent School District (JISD) appeals from an adverse summary judgment rendered in favor of the Shelby County Appraisal District (SCAD), the Shelby County Appraisal Review Board (the Board), and intervenor Shelbyville Independent School District (SISD) in this dispute over tax revenue. JISD raises six issues complaining that the trial court erroneously sustained objections to its Fifth Amended Petition, denied its motion for summary judgment, and refused to award it a refund of tax and royalty revenue or attorney's fees. We affirm.

## BACKGROUND

JISD and SISD share a common border that, historically, has been hard to pin down. The location of the boundary line has previously been litigated in the case of *Joaquin Independent School District v. Fincher*, 510 S.W.2d 98, 103-04 (Tex. Civ. App.–Tyler 1974, writ ref'd n.r.e.). Contending that the actual boundary line differs significantly from the documentation relied on by SCAD, JISD filed annual challenges to the appraisal rolls in tax years 2008 through 2011. It contended that there are 164 tracts that are being taxed in the wrong school district. It

asserted that numerous properties within its district were excluded from its appraisal rolls and attributed to SISD, and some mineral properties were being improperly taxed. Each challenge was denied. The Board determined that the appraisal records should not be changed and ordered that the school district boundaries will be left as they are until a court changes them.

JISD appealed those rulings to the district court complaining of SCAD's assessment of taxable values. SCAD's actions, JISD asserts, resulted in the denial of JISD's right to receive its proportionate share of tax and royalty revenue. JISD contends that the Board failed to discharge its duty by failing to determine each of JISD's challenges and by deferring the determination to the courts. JISD requested a declaratory judgment that SCAD cannot violate the tax code and the Texas constitution by improperly assessing property on the basis of a percentage of appraised value or provide incomplete and incorrect appraisal records to the tax assessor. JISD requested the court to order SCAD to revise the tax rolls to reflect the correct boundary lines and to assess the property on the basis of one hundred percent of its appraised value. JISD further requested an order for a refund for all tax years beginning in 2003 based on the corrected appraisal rolls. Additionally, it asked for attorney's fees and court costs.

SISD, which stands to lose tax revenue if JISD's requested relief is granted, filed a plea in intervention asking the court to dismiss the case.

After a hearing regarding the common boundary line between JISD and SISD, the court rendered an order, dated March 17, 2011. The court found that the 1974 judgment of the Twelfth Court of Appeals in the *Fincher* case establishes the common boundary line between the two districts, subject to any official alterations since 1974.

Thereafter, JISD filed a motion for summary judgment asking the court to find that the boundary between the two districts as established by the 1974 decision in *Fincher*, and altered by *Joaquin Independent School District v. Campbell*, No. 20,432 (Dist. Ct., Shelby County, Tex. Sept. 2, 1982), constitutes the current legal boundary line. In *Campbell*, JISD sued J.F. Campbell for taxes on five tracts of land. The court ordered that the land is located in Shelbyville Independent School District.

In its motion for summary judgment, JISD asked the court to order SCAD to correct the appraisal tax rolls to reflect the correct boundary, beginning in tax year 2003, and to assess property on the basis of one hundred percent of its appraised value. Further, JISD asked the court to order SCAD to refund all amounts owed to JISD based on the corrected appraisal rolls,

2

beginning with tax year 2003. As evidence in support of its motion, JISD presented the district court's March 17, 2011 order and the September 2, 1982 judgment in *Campbell*.

SCAD and the Board responded, explaining that, after the December 2010 hearing, digital maps were created in an attempt to apportion properties, including mineral leases and units, between the two school districts. These maps followed the *Fincher* plat as closely as possible. They attached the new mapping data and proposed allocation of assessed values as an exhibit to their response. Additionally, they asserted the defense of sovereign immunity. They supported the response with the December 29, 2011 affidavit of Chief Appraisal Officer Robert Pigg.

SISD filed a response to JISD's motion for summary judgment, attaching as evidence JISD's 2008 petition challenging the appraisal records and a copy of H.B. 2351, a 1987 act validating all school district boundaries. SISD also presented the letter of Shelby County's clerk identifying certain documents regarding the school districts, as well as the 1982 *Campbell* judgment.

On April 16, 2012, the trial court rendered a "partial order" on JISD's motion for summary judgment. In this order, the court held that the boundary lines for the two districts have been established and are set forth in *Fincher* and *Campbell* and ordered SCAD to correct the appraisal tax rolls. The order specifically left pending the remainder of the relief requested in JISD's motion for summary judgment. The court rendered a judgment nunc pro tunc on September 7, 2012, that substitutes a corrected map and includes a handwritten notation that the corrected tax rolls would be effective January 1, 2013.

SCAD and the Board filed a motion for summary judgment on July 11, 2012, asserting, among other things, that declaratory relief and retroactive changes to the tax rolls are unavailable to JISD. The motion is supported by a July 6, 2012 affidavit by Robert Pigg. SISD filed a motion for a partial summary judgment arguing that the Declaratory Judgments Act is not applicable to this case and JISD is not entitled to back taxes or attorney's fees.

JISD filed separate responses to those two motions supported by several of the district court's orders, the Board's four orders, the final judgments in a Jefferson County case, and the affidavits of a school finance consultant, a financial analyst, and an attorney.

At a hearing held on September 7, 2012, the court heard all pending matters. A map was identified in court and all parties agreed that it reflected the boundary lines as set forth in the

3

1974 court of appeals judgment. The court stated during the hearing that the corrected order would be effective January 1, 2013. The bulk of the argument concerned whether JISD is entitled to a refund of money going back to 2003. The court rendered its final judgment on January 9, 2013. In that judgment the court denied all relief requested in JISD's motion for summary judgment that was not granted by the court's April 16, 2012 order; granted SISD's motion for partial summary judgment; granted SCAD and the Board's motion for summary judgment; denied all other relief sought by pending motions; granted objections to JISD's Fifth Amended Original Petition; and denied all relief sought by JISD's Fifth Amended Original Petition.

## STANDARD OF REVIEW

We review the trial court's decision to grant summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007). The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact concerning one or more essential elements of the plaintiff's claims and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). Review of a summary judgment requires that the evidence presented by both the motion and the response be viewed in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding all contrary evidence and inferences unless reasonable jurors could not. *Nixon*, 690 S.W.2d at 548-49. When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Mid-Continent Cas. Co. v. Global Enercom Mgmt., Inc.*, 323 S.W.3d 151, 153-54 (Tex. 2010).

**Applicable Law**

A taxing unit is entitled to challenge an exclusion of property from the appraisal records, or the failure to identify the taxing unit as one in which a particular property is taxable, by filing

a challenge petition with the appraisal review board. TEX. TAX CODE ANN. §§ 41.03-.04 (West 2008). The review board then schedules a hearing and issues a written order. *See* TEX. TAX CODE ANN. §§ 41.05-.07 (West 2008). A taxing unit is entitled to appeal this order to the district court de novo. TEX. TAX CODE ANN. §§ 42.031, 42.23 (West 2008 & Supp. 2014).

### RELIEF PURSUANT TO CHAPTERS 42 AND 43 AND THE DECLARATORY JUDGMENTS ACT

In its first issue, JISD asserts that the trial court erred in denying certain issues in its motion for summary judgment including its complaints pursuant to tax code Chapters 42 and 43 and the Declaratory Judgments Act (DJA), and its claim for attorney's fees. In its second, third, and fourth issues, JISD contends, in part, that the trial court erred in granting summary judgment in favor of SCAD, the Board, and SISD on its claims pursuant to Chapter 43 and the DJA, and its claim for attorney's fees.

### Chapter 42

In its petition, JISD asserted that SCAD assessed property on a percentage less than one hundred percent of its appraised value and SCAD was prevented from obtaining correct assessments due to incorrect records in violation of the law. In its motion for summary judgment, JISD asked the court to order SCAD to assess property on the basis of one hundred percent of appraised value. JISD presented no evidence to prove what percentage basis SCAD used to assess property. Therefore, the trial court correctly denied JISD's motion on this issue. *See Nixon*, 690 S.W.2d at 548.

Further, JISD requested the court to order SCAD to make corrections to the appraisal rolls for tax years 2003 through 2011 and refund tax revenue JISD was entitled to in those tax years. As we explain below, JISD did not prove as a matter of law that it is entitled to have the requested corrections and refunds. The trial court did not err in denying JISD's motion for summary judgment on these issues. *See id*.

### Chapter 43

JISD asserts that, pursuant to Chapter 43, the trial court should have ordered SCAD to take certain corrective measures needed due to the inaccurate school district boundary records. However, Chapter 43 is not the appropriate vehicle for relief in this case. Chapter 43 applies to actions for relief with respect to policies and operating procedures. *Carr v. Bell Sav. & Loan Ass'n*, 786 S.W.2d 761, 765 (Tex. App.–Texarkana 1990, writ denied) (op. on reh'g). The trial

court did not err in denying JISD's motion for summary judgment on its Chapter 43 complaints or in granting SISD's motion for partial summary judgment on that issue. *See Nixon*, 690 S.W.2d at 548.

**Declaratory Judgment Act**

JISD asserts that the trial court erred in denying relief pursuant to the DJA. JISD requested a declaratory judgment that SCAD violated the law by assessing property on the basis of a percentage of its appraised value and by preventing the correct assessment of value. It then asked for attorney's fees pursuant to the DJA.

SCAD, the Board, and SISD argued in their motions for summary judgment that the DJA is not applicable here because the exclusive remedies are specified in Chapter 42 of the Tax Code. We agree.

The DJA grants any litigant whose rights are affected by a statute the opportunity to obtain a declaration of those rights under the statute. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (West 2008). The tax code's provisions governing appraisal of properties for ad valorem tax purposes, with its procedures for resolving disputes over valuation, create a pervasive regulatory scheme indicating legislative intention that the regulatory process be the exclusive means of remedying the problem to which the regulation is addressed. *See In re ExxonMobil Corp.*, 153 S.W.3d 605, 616 (Tex. App.–Amarillo 2004, orig. proceeding). The DJA cannot be invoked when it would interfere with some other exclusive remedy. *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009).

JISD is not merely looking for an interpretation of the statute. In its petition and in its motion for summary judgment, JISD requested the court to order SCAD to assess property within SCAD's taxing jurisdiction on the basis of one hundred percent of its appraised value. Appraisal of property for ad valorem purposes is governed by the tax code. *In re ExxonMobil Corp.*, 153 S.W.3d at 616. Specifically, Section 26.02 mandates that property shall be assessed on the basis of one hundred percent of its appraised value. TEX. TAX CODE ANN. § 26.02 (West 2008). Further, the tax code provides that a taxing unit may appeal an order of the appraisal review board. TEX. TAX CODE ANN. § 42.031 (West 2008). A judicial declaration that property is to be assessed on the basis of one hundred percent of its value would add nothing to a final judgment. *See Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665, 670 (Tex. App.—Austin 2006, no pet.) (op. on reh'g, en banc). Accordingly, the trial court did not err in

6

denying JISD's motion for summary judgment on its DJA cause of action or in granting SCAD and the Board's, and SISD's motion for summary judgment on JISD's DJA cause of action.

Attorney's fees are recoverable only when provided for by statute or by the parties' agreement. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). Because the DJA is not applicable, JISD is not entitled to attorney's fees pursuant to the DJA. Further, there is no provision in the tax code that would entitle JISD to attorney's fees in this case. Therefore, the trial court did not err in denying JISD's motion for summary judgment on the claim for attorney's fees or granting summary judgment in favor of SCAD, the Board, and SISD on JISD's request for attorney's fees. We overrule JISD's first and third issues. We also overrule those portions of JISD's second and fourth issues that address its Chapter 43 claims, its claims pursuant to the DJA, and its claim for attorney's fees.

### CORRECTION OF APPRAISAL ROLLS AND TAX REFUND

In its second and fourth issues, JISD asserts, in part, that the trial court erred in granting summary judgment in favor of SCAD, the Board, and SISD on its Chapter 42 claims because they did not move for summary judgment on its Chapter 42 cause of action. This argument is difficult to understand in light of the fact that Chapter 42, which is entitled "Judicial Review," merely provides statutory authorization for appeal of appraisal review board orders as well as some procedural requirements and remedies for property owners. It is more of a procedural vehicle than a cause of action. We will assume that this complaint is subsumed under JISD's complaints in its fifth issue.

In issue five, JISD argues that the trial court should have ordered SCAD to correct the appraisal records from tax years 2003 to 2011 and that it is entitled "to seek a refund for tax money, penalties, interest and federal forestry fund money that was unlawfully received by [SISD] from tax years 2003-2011." JISD asserts that it has been deprived of tax revenue from the parcels of land that have been carried on SISD's appraisal roll but which, applying the newly determined boundary, actually lie in JISD's district. Relying on Section 25.25(c), JISD reasons that, having filed challenges in each year from 2008 through 2011, it is entitled to refunds for years 2003 through 2011.

Tax code Section 25.25(c) states as follows:

The appraisal review board, on motion of the chief appraiser or of a property owner, may direct by written order changes in the appraisal roll for any of the five preceding years to correct:

(1) clerical errors that affect a property owner's liability for a tax imposed in that tax year;

(2) multiple appraisals of a property in that tax year;

(3) the inclusion of property that does not exist in the form or at the location described in the appraisal roll; or

(4) an error in which property is shown as owned by a person who did not own the property on January 1 of that tax year.

TEX. TAX CODE ANN. § 25.25(c) (West Supp. 2014).[1] Section 25.25(c) specifies that the board may make changes upon the motion of either the chief appraiser or the property owner. *Id*. JISD is neither the chief appraiser nor a property owner. Therefore, Section 25.25(c) is of no use to JISD. Further, Section 25.25(c) makes no mention of refunds. We note that the tax code provides that, in certain instances, a refund may be provided to taxpayers. *See* TEX. TAX CODE ANN. § 26.15(f) (West Supp. 2014) (refund after correction); TEX. TAX CODE ANN. § 42.43(a) (West Supp. 2014) (refund after appeal). We find no such corresponding statute allowing taxing units, such as JISD, to obtain a refund under any circumstance. *See **Brennan v. City of Willow Park***, 376 S.W.3d 910, 920-22 (Tex. App.–Fort Worth 2012, pet. denied) (op. on reh'g) (where property was not listed in proper taxing unit, retroactive correction of appraisal roll not authorized by statute).

This state employs a complex school finance system that distributes funds based on property tax wealth of school districts. *See* TEX. EDUC. CODE ANN. §§ 42.001-.4101 (West 2012 & Supp. 2014). It would not be feasible to order refunds for past years. As explained above, the tax code is the comprehensive scheme for taxation. *See **In re ExxonMobil Corp***., 153 S.W.3d at 616. In the absence of authorization from the legislature, JISD is not entitled to a refund even though it was successful in obtaining corrected appraisal rolls. The trial court ordered corrections to be made that would be effective January 1, 2013. Correcting prior years' tax rolls would be a poor use of resources and a useless act in light of the court's proper ruling that JISD is not entitled to a refund. Therefore, the trial court did not err in denying JISD's request for corrections for past years. Accordingly, the trial court did not err in granting summary judgment for SCAD, the Board, and SISD on the issue of JISD's request for a tax refund. *See **Nixon***, 690

---

[1] Section 25.25(c) was amended to add subsection four, effective September 1, 2011. Subsections one through three remain unchanged. The Board's order determining JISD's last challenge petition is dated October 17, 2011. The three prior challenges were made before subsection four was added.

S.W.2d at 548. We overrule those portions of issues two and four complaining of rulings on Chapter 42 claims. Further, we overrule JISD's fifth issue.

<h2 style="text-align:center">JISD's FIFTH AMENDED PETITION</h2>

In its sixth issue, JISD contends that the trial court erred in granting objections to its Fifth Amended Petition and denying all relief requested in that petition. This amended petition "updated" JISD's claims and added claims against two new defendants.

On June 12, 2012, the trial court signed an order stating that all pending motions would be heard on September 7, 2012. At that hearing, the trial court heard argument on the parties' motions for summary judgment. The court sent a letter ruling on October 22, 2012, noting that the boundary lines between JISD and SISD have been set and the taxing authority is to correct the records and assess the property based on the newly determined boundary line. The court further stated that there is no authority providing "a remedy for retroactive correction" and that "disposal of the retroactive issue brings this matter to a close." On October 25, 2012, the court sent a second letter stating that "all relief not granted in [its] letter dated October 22, 2012, is hereby denied." JISD filed its Fifth Amended Petition on November 6, 2012, without asking leave of court. SCAD, the Board, and SISD filed objections to the amended petition on the grounds that it was not timely and was filed without leave of court.

The trial court can consider pleadings and proof on file at the time of the summary judgment hearing, or filed thereafter and before judgment with permission of the court. TEX. R. CIV. P. 166a(c); *Leinen v. Buffington's Bayou City Serv. Co*., 824 S.W.2d 682, 685 (Tex. App.–Houston [14th Dist.] 1992, no writ). Further, it is too late to amend pleadings after judgment has been rendered. *Ramirez v. Garcia*, 413 S.W.3d 134, 147 (Tex. App.–Amarillo 2013, pet. filed). JISD filed its Fifth Amended Petition after the summary judgment hearing and after the court sent out letter rulings. Further, JISD did not obtain leave of court to file its Fifth Amended Petition. Accordingly, the trial court properly granted the objections to the petition. We overrule JISD's sixth issue.

<h2 style="text-align:center">CONCLUSION</h2>

JISD was entitled to appeal the Board's rulings pursuant to Chapter 42 of the tax code. Neither Chapter 43 nor the DJA is applicable in this case. The trial court settled the issue of the

location of the boundary line between JISD and SISD and ordered the appraisal tax rolls to be corrected. JISD is not entitled to a refund for years when the appraisal rolls reflected inaccurate boundary data. Further, JISD is not entitled to attorney's fees.

We *affirm* the trial court's judgment.

<u>**BRIAN HOYLE**</u>
Justice

Opinion delivered August 29, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

10



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2014**

**NO. 12-13-00038-CV**

**JOAQUIN INDEPENDENT SCHOOL DISTRICT,**
Appellant
V.
**SHELBY COUNTY APPRAISAL DISTRICT,**
**SHELBY COUNTY APPRAISAL REVIEW BOARD,**
**SHELBYVILLE INDEPENDENT SCHOOL DISTRICT,**
Appellees

Appeal from the 273rd District Court

of Shelby County, Texas (Tr.Ct.No. 08-CV-30,215)

THIS CAUSE came to be heard on the oral arguments, appellate record, and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things **affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **JOAQUIN INDEPENDENT SCHOOL DISTRICT**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*